BISJO REALTY CORPORATION, Respondent, *v.* ADAMS & CO., INC., Appellant.

First Department, June 28, 1944.

*Frederick E. Zane* of counsel (*Zane & Lippner*, attorneys), for appellant.

*Louis Gershel* for respondent.

GLENNON, J. Respondent and appellant entered into an agreement on October 30, 1930, whereby appellant was appointed sole

agent for the rental and management of property known as 263–271 West 38th Street, borough of Manhattan, city of New York.

It was provided that the " agreement " was to commence on the first day of November, 1930, and remain in full force and effect until the thirty-first day of October, 1931. There was a further provision to the effect that after the latter date, in the event the second and third mortgagees were not paid in full, the agreement was to be continued under the same terms and conditions as specified at the option of the second or third mortgagee for such period of time as either might designate. The appellant was to deposit in a bank or trust company, apparently of its own choosing, all sums of money that might be derived from the operation of the premises. The money so collected was deposited by the appellant in the American Union Bank which was closed on August 5, 1931.

From the complaint and bill of particulars, it appears that about July 31, 1933, in the first instance, a demand was made on the appellant for an accounting of the moneys collected and deposited. It is asserted by the respondent that at various times, no dates being mentioned, over the years ensuing, the appellant through one of its officers promised a final accounting as soon as all dividends were paid by the bank in liquidation.

This action was commenced on July 2, 1943. Appellant pleaded as a defense the six-year Statute of Limitations. We are inclined to the view that the defense is a bar to this action and should have been sustained (*Keys* v. *Leopold,* 241 N. Y. 189, and cases therein cited).

The agreement entered into between these parties did not designate the bank which closed as a depository of the funds. Upon the refusal of the appellant to turn over the moneys, if any, which were due respondent when demand was made on July 31, 1933, a full and complete recovery could have been had.

It is not contended by the respondent that the appellant entered into a promise in writing to extend the period.

Section 59 of the Civil Practice Act provides as follows: " § 59. Acknowledgment or new promise must be in writing. An acknowledgment or promise contained in a writing signed by the party to be charged thereby is the only competent evidence of a new or continuing contract whereby to take a case out of the operation of the provisions of this article relating to the limitations of time within which an action must be brought other than for the recovery of real property. But this section does not alter the effect of a payment of principal or interest."

Under the circumstances, the order and interlocutory judgment appealed from should be reversed, with costs, plaintiff's motion for summary judgment denied and defendant's motion for summary judgment dismissing the complaint granted.

DORE, J. (dissenting in part). Defendant, as managing agent of real estate owned by plaintiff, collected rentals and made disbursements under a written agreement between the parties and has not accounted to plaintiff. By failure to submit any affidavit of an officer or other person having knowledge of the facts, defendant admits this. Its attorney by affidavit raises only the issue of the six-year Statute of Limitations.

While plaintiff alleges a demand on July 31, 1933, it is uncontradicted on this record that defendant continued to act as managing agent down to August, 1937. Accordingly, full and complete recovery could not have been had under the demand of July, 1933. The action was begun on July 2, 1943. Hence, assuming that the six-year Statute of Limitations applies, plaintiff sues within six years after final termination of the agency.

Accordingly, while I concur in reversal of the interlocutory judgment in plaintiff's favor, I dissent insofar as summary judgment is granted to defendant, and vote to reverse the interlocutory judgment and to deny summary judgment to both parties. The issues should not be disposed of without a trial.

MARTIN, P. J., TOWNLEY and UNTERMYER, JJ., concur ·with GLENNON, J.; DORE, J., dissents in part, in opinion.

Order and interlocutory judgment reversed, with costs, plaintiff's motion for summary judgment denied and defendant's motion for summary judgment dismissing the complaint granted.