JENNIE DANCY, Appellant, *v.* ANNA ALDHOUS, as Executrix of HERBERT ALDHOUS, Deceased, et al., Respondents.

*Per Curiam.* Decedent Herbert Aldhous was agent of plaintiff's assignor, Simeon A. Francis and his corporations, in connection with the renting and management of these several parcels of real property, but the duties of his agency did not relate to Federal income tax delinquencies of Francis and his corporations which amounted to $229,915.40 including interest and penalties. The correctness of the amount of these tax obligations is not questioned, and they were charged as liens against these parcels of land. Some of the premises were purchased by Aldhous for $3,650 cash in addition to $25,200 in mortgage indebtedness thereon, at public sale under these income tax levies. The total assessed valuation was $57,500.

Although the courts set aside purchases by trustees of trust property without regard to the existence of actual fraud, in this instance Aldhous held no title to these real properties as trustee, nor did his fiduciary obligations extend to protecting them against these tax levies by the Federal Government.

Even assuming that Aldhous had enough cash in his possession belonging to Francis or his corporations, to have paid the $3,650 which was the cash purchase price above the mortgages on the forced sales under the Federal tax liens, he was under no duty to spend it by buying in these parcels, and might well have been subject to charges of misapplication of funds if he had done so. The interest of Francis and his corporations in these properties had actually ceased. If they had been bought in the interests of Francis, the equity would immediately have been subject to confiscation by the Federal Government under these tax liens. It would be unjust to require Aldhous or his estate to account to plaintiff as Francis' assignee, for profits from these properties which Francis himself could not possibly have realized. Aldhous' fiduciary obligation as management agent did not extend to dealing with these parcels when sold under Federal tax liens concerning which he had no responsibility. No error was committed in dismissing the second, fourth and sixth causes of action of the complaint.

As regards the first, third and fifth causes of action, the six-year Statute of Limitations was properly applied (*Bisjo Realty Corp.* v. *Adams & Co.,* 268 App. Div. 114; *Keys* v. *Leopold,* 241 N. Y. 189, and cases therein cited), nor was a demand necessary to set the statute running since Francis knew that Aldhous was making the collections monthly, and monthly statements were required to be rendered (Civ. Prac. Act, § 15).

The judgment insofar as appealed from should be affirmed, with costs.

Callahan, J. P., Van Voorhis, Shientag, Heffernan and Bergan, JJ., concur

Judgment, so far as appealed from, unanimously affirmed, with costs.