Marvin E. EPLING and Seneca Outdoor, Inc., Plaintiffs,

v.

GOLDEN EAGLE/SATELLITE ARCHERY, INC., Defendant.

No. 97–CV–6530L.

United States District Court, W.D. New York.

Sept. 25, 1998.

A. Paul Britton, Harter, Secrest & Emery, Rochester, NY, Stephen B. Salai, Cumpston & Shaw, Rochester, NY, for Marvin E. Epling, plaintiffs.

Ronald J. Kisicki, Neal L. Slifkin, Harris, Beach & Wilcox, Rochester, NY, for Golden Eagle/Satellite Archery, Inc., defendant.

## DECISION AND ORDER

LARIMER, Chief Judge.

Plaintiffs, Marvin E. Epling ("Epling") and Seneca Outdoor, Inc. ("Seneca Outdoor") (collectively "plaintiffs"), commenced this action, pursuant to 28 U.S.C. § 2201, to obtain a declaratory judgment that the archery bow products manufactured and sold by Seneca Outdoor do not infringe a patent owned by defendant Golden Eagle/Satellite Archery, Inc. ("Golden Eagle" or "defendant"). Pending before the Court is defendant's motion to dismiss or stay this action. For the reasons set forth below, this motion is denied.

## FACTUAL BACKGROUND

Golden Eagle manufactures and sells archery equipment, including bows. Epling was employed by Golden Eagle from 1988 through 1994 and also held the position of President and Chief Executive Officer.[1] While working for Golden Eagle, Epling developed an injection molding process for manufacturing compound archery bows. This process was used, and continues to be used, by Golden Eagle in making the "Brave" bow.

In April 1994, Epling left Golden Eagle and started Seneca Outdoor, which also manufactures and sells archery equipment, including bows. In March 1995, Epling filed a patent application for the injection molding process he developed at Golden Eagle and listed himself as the sole inventor.

Shortly thereafter, Golden Eagle commenced an action in New York State Supreme Court, Ontario County, for breach of fiduciary duty, breach of contract, and theft of trade secrets, arising out of Epling's failure to assign the pending patent application to Golden Eagle and Seneca Outdoor's continued use of the injection molding process. By way of relief, Golden Eagle requested, *inter alia,* a declaration that Golden Eagle was the sole owner of the pending patent application, an order restraining Seneca Outdoor from manufacturing or selling any products made from the process, and an award of damages resulting from Epling's misappropriation of the process.

While the state court action was pending, a patent was issued to Epling. The parties then cross-moved for partial summary judgment on the issue of whether Epling had a fiduciary duty to assign the patent to Golden Eagle. Although the trial court denied the motions, the Appellate Division, Fourth Department reversed, finding that the patent belonged to Golden Eagle, not only because Epling developed it while serving as President and CEO of Golden Eagle, but also because he developed it with the assistance of the company's employees and computers. Pursuant to the Fourth Department's decision, Epling has now assigned the patent to Golden Eagle. The action has been remanded to state court for further proceedings, including a determination of damages.

Within days of the Fourth Department's decision, plaintiffs commenced the instant action, seeking a declaratory judgment from this Court that the compound bow products currently made by Epling and Seneca Outdoor do not utilize the patented process and, therefore, do not infringe Golden Eagle's patent.

Golden Eagle moves to dismiss this action, pursuant to Fed.R.Civ.P. 12(b)(1), for lack of subject matter jurisdiction. Golden Eagle maintains that there is no actual controversy between the parties, and, therefore, plaintiffs fail to satisfy the jurisdictional prerequisite for bringing a declaratory judgment action.

---

1. Epling actually was employed by The Timber-Creek Company. Golden Eagle, however, is the successor-in-interest to The TimberCreek Company.

Alternatively, Golden Eagle asks this Court to exercise its discretion to dismiss or stay this federal declaratory judgment action in deference to the pending state court proceedings.

## DISCUSSION

### A. Subject Matter Jurisdiction

 A district court's jurisdiction under the Declaratory Judgment Act extends only to those cases in which there is an "actual controversy" between the parties. 28 U.S.C. § 2201(a). In an action brought to establish the absence of patent infringement, the "actual controversy" requirement is satisfied if: (1) plaintiff has produced or is prepared to produce the allegedly infringing product; and (2) defendant's conduct created an objectively reasonable apprehension on the part of plaintiff that it will face a lawsuit if the allegedly infringing activity continues. *Fina Research, S.A. v. Baroid Ltd.*, 141 F.3d 1479, 1481 (Fed.Cir.1998); *GAF Bldg. Materials Corp. v. Elk Corp.*, 90 F.3d 479, 481 (Fed.Cir. 1996).

██ In this case, there is no dispute that Seneca Outdoor is manufacturing, marketing, and selling the allegedly infringing products. Further, plaintiffs have alleged sufficient facts in their complaint and have submitted sufficient proof on this motion to demonstrate both defendant's express charges of infringement and its continued threats of an infringement action. In his affidavit, Epling states:

> Over the past three years, the defendant, Golden Eagle/Satellite Archery, Inc., has repeatedly demanded, in correspondence and conversations with my attorneys and in pleadings in state court litigation, that Seneca Outdoor, Inc. cease and desist from manufacturing its modest line of archery bow products. Golden Eagle has claimed it owns a certain patented process that I invented and that Seneca Outdoor's products infringed that patent.

Marvin E. Epling Aff. ¶ 2. Plaintiffs' attorney confirms these facts in his declaration: "In various conversations with me over the last two and one-half years, counsel for Golden Eagle ... has reiterated Golden Eagle's de-mand that Seneca Outdoor cease the manu-facture and sale of its bow products." A. Paul Britton Dec. ¶ 11. In their complaint, plaintiffs also allege that Golden Eagle has specifically stated that it intends to bring an action in federal court if the state court is unable to resolve all the issues between the parties. Complaint ¶ 17. Defendant does not deny these allegations and has not suggested here that it does not view plaintiffs' products as infringing its patent.

Once the Fourth Department determined that Golden Eagle did, in fact, own the patent, it was entirely reasonable for plaintiffs to believe that defendant would now enforce its patent rights against plaintiffs' products through litigation. Accordingly, I find that there is an actual controversy between the parties, and, therefore, I have subject matter jurisdiction over the instant action.

### B. Discretion to Abstain from Exercising that Jurisdiction

The fact that I have jurisdiction over this declaratory judgment action, however, is not dispositive of defendant's motion. Defendant asks this Court to abstain from exercising that jurisdiction in light of the pending state court proceedings.

██ Generally, a federal court in a declaratory judgment action has broad discretion to stay or dismiss the action in favor of pending state litigation. In *Wilton v. Seven Falls Co.*, 515 U.S. 277, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995), the Supreme Court clarified that a district court's decision to stay or dismiss a declaratory judgment action in favor of parallel state litigation is governed by the less demanding "discretionary" standard set forth in *Brillhart v. Excess Ins. Co.*, 316 U.S. 491, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942), rather than the more rigorous "exceptional circumstances" standard developed in *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976), and *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983).

In *Brillhart*, the Court held that although a district court has jurisdiction of a suit under the Declaratory Judgment Act, it is

"under no compulsion to exercise that jurisdiction." *Brillhart*, 316 U.S. at 494, 62 S.Ct. 1173. The Court reasoned that "[o]rdinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties." *Id.* at 495, 62 S.Ct. 1173.

*Brillhart* "makes clear that district courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites." *Wilton*, 515 U.S. at 282, 115 S.Ct. 2137. *Brillhart* also teaches that "at least where another suit involving the same parties and presenting opportunity for ventilation of the same state law issues is pending in state court, a district court might be indulging in '[g]ratuitous interference' if it permitted the federal declaratory action to proceed." *Id.* at 283, 115 S.Ct. 2137 (citation omitted) (quoting *Brillhart*, 316 U.S. at 495, 62 S.Ct. 1173). In the final analysis, the issue essentially is "whether the questions in controversy between the parties to the federal suit, and which are not foreclosed under the applicable substantive law, can better be settled in the proceeding pending in the state court." *Brillhart*, 316 U.S. at 495, 62 S.Ct. 1173.

■ Although federal courts have broad discretion in declaratory judgment actions, controlling authority suggests that abstention is disfavored in cases where the state court action is not truly parallel or where issues of federal law control. The Supreme Court in *Wilton* emphatically stated that it did not attempt "to delineate the outer boundaries of that discretion in other cases, for example, cases raising issues of federal law or cases in which there are no parallel state proceedings." *Wilton*, 515 U.S. at 290, 115 S.Ct. 2137.

There is persuasive authority in the Second Circuit that abstention is disfavored in those cases where federal law supplies the rule of decision or where there are no parallel state court actions. For example, in *Dittmer v. County of Suffolk*, 146 F.3d 113 (2d Cir.1998), the Court recently acknowledged that where a plaintiff seeks a declaratory judgment, the district court has somewhat greater discretion to abstain. *Dittmer*, 146 F.3d at 118. The Court reasoned that "[t]o avoid wasteful and duplicative litigation, district courts may often dismiss declaratory judgment actions 'where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties.'" *Id.* (quoting *Wilton*, 515 U.S. at 282, 115 S.Ct. 2137). The Court held, however, that abstention would not be appropriate here because none of the plaintiffs in the federal action were parties to the state action—*i.e.*, there was no parallel state proceeding—and "because the present action involves issues of federal law only." *Id.*

Similarly, in *Youell v. Exxon Corp.*, 74 F.3d 373 (2d Cir.1996), the Court found *Wilton* fundamentally distinct from the case before it because *Wilton* involved state law only whereas this case involved novel issues of federal admiralty law. *Youell*, 74 F.3d at 376. The Court emphasized that the *Wilton* Court specifically declined to set forth the outer limits of a district court's discretion in cases, such as this, raising issues of federal law. *Id.* According to the Court, "[w]hile we loathe wasting judicial resources, it would be worse to cede federal review of an issue of federal law merely because [defendant] won the race to judgment in state court." *Id.* (quoting *Youell v. Exxon Corp.*, 48 F.3d 105, 114 (2d Cir.1995)).

■ The above authority convinces me that abstention is inappropriate in the instant case. This case involves solely issues of federal patent law, which are committed to the exclusive jurisdiction of this Court, pursuant to 28 U.S.C. § 1338. The presence of an issue of federal law over which this Court has exclusive jurisdiction is, in my opinion, a major consideration weighing heavily against abstention.

■ Moreover, I am not convinced that this action and the state court action are truly parallel. Actions are considered "parallel" for purposes of abstention "when the two proceedings are essentially the same; that is, there is an identity of parties, and the

issues and relief sought are the same." *National Union Fire Ins. Co. v. Karp*, 108 F.3d 17, 22 (2d Cir.1997); *Jaffee v. Society of New York Hosp.*, 1997 WL 685347, at \*3 (S.D.N.Y. Nov.4, 1997). Here, although there is an identity of parties in both actions, the claims and forms of relief are not identical. In the state court action, defendant asserts New York common law claims for breach of fiduciary duty, breach of contract, and theft of trade secrets. In fact, according to defendant, the issue of patent infringement is only implicated—if at all—in connection with the determination of damages in that action.[2] The claim in this action, on the other hand, involves a straightforward request for a declaration of patent noninfringement.

For these reasons, I decline to abstain from exercising my otherwise proper jurisdiction over this action. I find that this simply is not a case where the issues would necessarily be better resolved in the pending state court proceeding.

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss or stay this action is denied. The parties are hereby directed to meet with Magistrate Judge Jonathan W. Feldman to set up a discovery schedule to govern this action.

IT IS SO ORDERED.

---

**2.** According to Golden Eagle, the state court will be determining the measure of damages for Epling's breach of fiduciary duty. Golden Eagle maintains that these damages will include any revenue generated by Seneca Outdoor's sale of infringing products. Defendant argues, therefore, that the state court will need to conduct an infringement analysis to calculate these damages.