14-4499
*Smulley v. Mutual of Omaha Bank*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of February, two thousand sixteen.

PRESENT:  RALPH K. WINTER,
                 RICHARD C. WESLEY,
                 CHRISTOPHER F. DRONEY,
                      *Circuit Judges.*

---

DOROTHY A. SMULLEY,

                 *Plaintiff-Appellant,*

     -v.-                                    No. 14-4499

MUTUAL OF OMAHA BANK, an
Arizona savings association, ERIN
BOWEN, AKA Erin Kremser, Erin Alicata,
an individual residing in Massachusetts,
WEBSTER FINANCIAL CORPORATION,
a Delaware corporation, DBA Webster
Bank, ZELDES, NEEDLE & COOPER, PC,

1

a Connecticut professional corporation, IMAGINEERS, LLC, Connecticut limited liability company, ORONOQUE SHORES CONDOMINIUM ASSOCIATION NO. 1, INC., a Connecticut corporation,

*Defendants-Appellees.*

_____

FOR APPELLANT:      DOROTHY A. SMULLEY, *pro se*, Stratford, CT.

FOR APPELLEES:      TROY A. BATAILLE, Goldberg Segalla, LLP, Hartford, CT (Reardon Scanlon Vodola Barnes LLP, West Hartford, CT; Welch, Teodosio, Stanek & Blake, LLC, Shelton, CT; Zeldes, Needle & Cooper, P.C., Bridgeport, CT, *on the brief*).

Appeal from a judgment and order of the United States District Court for the District of Connecticut (Jeffrey Alker Meyer, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the orders and judgment of the District Court are **VACATED** and the case is **REMANDED**.

Appellant Dorothy Smulley, proceeding *pro se*, appeals the District Court's order dismissing her complaint under the doctrine of *Colorado River* abstention, the subsequent judgment entered, and an order denying her motion to alter the judgment. Smulley filed a complaint raising numerous claims arising from her dispute with a condominium association. The District Court decided to abstain

2

in light of four pending state actions arising from the same facts.  We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review a decision to abstain and the denial of reconsideration for abuse of discretion, although our review is "somewhat rigorous" in the abstention context.  *Niagara Mohawk Power Corp. v. Hudson River-Black River Regulating Dist.*, 673 F.3d 84, 99 (2d Cir. 2012) (citation omitted) (abstention); *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (reconsideration).  Under the *Colorado River* doctrine, a federal court may decline to hear a case when parallel state court proceedings are pending and "reasons of wise judicial administration" counsel dismissal.  *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 818 (1976).  However, "[o]nly the clearest of justifications will warrant dismissal."  *Id*. at 819.

First, a court may abstain under this doctrine only if the state and federal proceedings are parallel.  *Dittmer v. County of Suffolk*, 146 F.3d 113, 118 (2d Cir. 1998).  Second, whether *Colorado River* abstention is justified turns on a balancing of six factors: (1) whether either the state or federal court has assumed jurisdiction over a res; (2) the relative inconvenience of the federal forum; (3) the

desirability of avoiding piecemeal litigation; (4) the order in which the actions were filed; (5) whether state or federal law provides the rule of decision; and (6) whether the state action will protect the federal plaintiff's rights. *Colorado River*, 424 U.S. at 818 (announcing the first four factors); *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 23–26 (1983) (announcing factors five and six).

The District Court's oral ruling carefully walked through each of these factors in applying the *Colorado River* doctrine to the case before it. However, following oral argument on appeal, Smulley informed us that she had entered into a settlement agreement with all defendants except Webster Financial Corp., resolving both state and federal actions. *See* Motion, *Smulley v. Mutual of Omaha Bank*, No. 14-4499 (2d Cir. Jan. 11, 2016), ECF No. 116. We grant her motion to withdraw those defendants as parties and, as a result, the procedural landscape that faces us is different from what the District Court faced.

The parallel nature of concurrent state and federal actions is "a necessary prerequisite to abstention under *Colorado River*," without which we never reach the six-factor balancing test. *Dittmer*, 146 F.3d at 118. Actions are "parallel when substantially the same parties are contemporaneously litigating substantially the same issue in another forum." *Niagara Mohawk*, 673 F.3d at 100. Now that

4

Webster Financial Corp. is the only defendant in the federal action and is not a party to any state action, there are no concurrent, "parallel" actions in state court, and our *Colorado River* analysis is at an end. *See Sheerbonnet, Ltd. v. Am. Exp. Bank Ltd.*, 17 F.3d 46, 49–50 (2d Cir. 1994).

We **GRANT** Smulley's motion to withdraw certain defendants and accordingly **VACATE** the orders and judgment of the District Court and **REMAND** the case for further proceedings.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk