15-1465-cv
*Aventura Technologies, Inc. v. World of Residensea II Ltd.*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of April, two thousand sixteen.

PRESENT:   RALPH K. WINTER,
                      DENNY CHIN,
                      SUSAN L. CARNEY,
                                *Circuit Judges.*
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

AVENTURA TECHNOLOGIES INC.,
                                *Plaintiff-Appellant,*

                      v.                                                          15-1465-cv

WORLD OF RESIDENSEA II LTD.,
                                *Defendant-Appellee.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFF-APPELLANT:                 Bryan Ha, White Plains, New York.

FOR DEFENDANT-APPELLEE:                 Adria G. Notari, McAlpin Conroy, P.A.,
                                                              Miami, Florida.

Appeal from the United States District Court for the Eastern District of New York (Hurley, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **VACATED**, and the case is **REMANDED** for further proceedings consistent with this order.

Plaintiff-appellant Aventura Technologies, Inc. ("Aventura") appeals the district court's April 6, 2015 order affirming a magistrate judge's order granting a stay of its action against defendant-appellant World of Residensea II Ltd. ("Residensea") pursuant to *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976) ("*Colorado River*"), in deference to a parallel lawsuit in Florida state court arising from the same transaction and events. Each party claims that the other breached a contract between them which provided for Aventura's installation and repair of surveillance equipment on Residensea's residential ship. On appeal, Aventura argues that the district court abused its discretion in abstaining from adjudicating its claims. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

As a threshold matter, the district court's stay order was appealable under 28 U.S.C. § 1291 as a final order, because the district court effectively surrendered its power to resolve the case to the Florida court. *See Gen. Reins. Corp. v. Ciba-Geigy Corp.*, 853 F.2d 78, 80 (2d Cir. 1988) ("An order staying an action is final when its sole purpose

2

and effect are the surrender of jurisdiction to a state court.").  Additionally, "a district court order granting a stay of litigation pursuant to *Colorado River* meets each of the three requirements of the collateral-order doctrine and therefore is appealable under § 1291."  *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 276 (1988) (citing *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1 (1983)).[1]

Turning to the district court's order, we note that the *Colorado River* abstention doctrine is a limited doctrine that may apply where traditional categories of abstention do not.  *Vill. of Westfield v. Welch's*, 170 F.3d 116, 120 (2d Cir. 1999).  The doctrine recognizes that, while "the rule is that the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction, exceptional circumstances may on occasion permit the dismissal of a federal suit due to the presence of a concurrent state proceeding for reasons of wise judicial administration."  *Zemsky v. City of New York*, 821 F.2d 148, 152 (2d Cir. 1987) (alterations and internal quotation marks omitted) (citing *Colorado River*, 424 U.S. at 817, 818).  In determining whether such circumstances exist, "the district court must weigh six factors, with the 'balance heavily weighted in favor of the exercise of jurisdiction.'"  *Burnett v. Physician's Online, Inc.*, 99 F.3d 72, 76 (2d Cir. 1996) (quoting *Moses H. Cone*, 460 U.S. at 16).  Those factors are:  (1) the assumption of jurisdiction by either court over

---

[1]      Section 1291 provides, in relevant part, that "[t]he courts of appeals . . . shall have jurisdiction of appeals from all final decisions of the district courts of the United States."  28 U.S.C. § 1291.

3

any res or property, (2) the inconvenience of the federal forum, (3) the avoidance of piecemeal litigation, (4) the order in which jurisdiction was obtained, (5) whether state or federal law supplies the rule of decision, and (6) whether the state court proceeding will adequately protect the rights of the party seeking to invoke federal jurisdiction. *Id.* (citing *Bethlehem Contracting Co. v. Lehrer/McGovern, Inc.*, 800 F.2d 325, 327 (2d Cir. 1986)). "In this analysis, the balance is heavily weighted in favor of the exercise of jurisdiction. Thus, the facial neutrality of a factor is a basis for retaining jurisdiction, not for yielding it." *Woodford v. Cmty. Action Agency of Greene Cty., Inc.*, 239 F.3d 517, 522 (2d Cir. 2001) (alterations and internal citation marks omitted).

While we review the district court's decision to stay a case on abstention grounds for abuse of discretion, the standard of review is "somewhat rigorous." *Vill. of Westfield*, 170 F.3d at 120. This is because federal courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them." *Colorado River*, 424 U.S. at 817. Accordingly, the court's discretion "must be exercised within the narrow and specific limits prescribed by the particular abstention doctrine involved. . . . [T]here is little or no discretion to abstain in a case which does not meet traditional abstention requirements." *Vill. of Westfield*, 170 F.3d at 120 (quoting *Dittmer v. County of Suffolk*, 146 F.3d 113, 116 (2d Cir. 1998)).

We conclude that the district court abused its discretion in granting the motion to stay the action. First, the district court did not give sufficient weight to "the

4

heavy presumption favoring the exercise of jurisdiction." *Bethlehem Contracting*, 800 F.2d at 327. In his order granting the stay motion, the magistrate judge did not acknowledge the presumption, and he did not recognize that the federal courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them," *Colorado River*, 424 U.S. at 817, or that "the balance [is] heavily weighted in favor of the exercise of jurisdiction." *Moses H. Cone*, 460 U.S. at 16. None of these concepts is mentioned in the order. Moreover, while the district judge acknowledged the presumption on review of the magistrate judge's order, the district judge essentially surmised that the magistrate judge must have taken the presumption into account because he found that Residensea "satisfied its burden under *Colorado River* and *Moses H. Cone*." App. at 128. In the absence of any discussion of the presumption, we are unable to determine that the magistrate judge adequately considered the court's obligation to exercise jurisdiction.

Second, while the magistrate judge acknowledged the six factors to be considered in deciding a *Colorado River* motion, he discussed only three of them. He did not discuss whether the controversy involves a res over which one of the courts has jurisdiction, whether one forum is more inconvenient than the other, or whether federal admiralty law or state law governs.[2] And, even assuming state law governs, the

_____

[2] We note that even where jurisdiction is premised on diversity, admiralty law can apply. *Norfolk S. Ry. Co. v. Kirby*, 543 U.S. 14, 22-23 (2004). "When a contract is a maritime one, and the dispute is not inherently local, federal law controls the contract interpretation." *Id.* at

magistrate judge did not consider whether New York or Florida law would apply. All of these factors clearly are relevant in this case.

Third, the magistrate judge's analysis of the remaining three factors does not reflect the "careful balancing" that animates *Colorado River* abstention. *Bethlehem Contracting*, 800 F.2d at 327. The court's determination that it should avoid "piecemeal-litigation . . . because there is a real risk that litigation could occur in installments," App. at 128, failed to appreciate that "abstention [may not] be based simply on an aversion to deciding an issue prior to a state court's adjudication." *Woodford*, 239 F.3d at 525. "Each court is free to proceed in its own way and in its own time, without reference to the proceedings in the other court. Whenever a judgment is rendered in one of the courts and pleaded in the other, the effect of that judgment is to be determined by application of the principles of *res adjudicata*." *Kline v. Burke Constr. Co.*, 260 U.S. 226, 230 (1922). In deciding that the state court proceeding was further along, the district court failed to acknowledge that in the state action, Aventura had not filed an answer, had only filed a pre-answer motion to dismiss in the state action for lack of personal jurisdiction, and that the parties had engaged in only limited jurisdictional discovery in connection with that motion. "[P]riority should not be measured exclusively by which complaint was

---

22-23. Whether or not a contract is a maritime one "'depends upon . . . the nature and character of the contract,' and the true criterion is whether it has 'reference to maritime service or maritime transactions.'" *Id.* at 24 (quoting *N. Pac. S.S. Co. v. Hall Bros. Marine Ry. & Shipbuilding Co.*, 249 U.S. 119, 125 (1919)).

filed first, but rather in terms of how much progress has been made in the two actions."

*Moses H. Cone*, 460 U.S. at 21.  The magistrate judge also concluded that the sixth factor weighed in favor of abstention without stating a reason or determining its weight.

Fourth, the district court erred by applying a highly deferential standard of review rather than *de novo* review.  Pursuant to Federal Rule of Civil Procedure 72(b), if a magistrate judge's order resolves a matter that is "dispositive of a claim or defense," then "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(1),(3).  As discussed above, just as an order staying a case pursuant to *Colorado River* is an appealable order, we conclude such an order is dispositive of a claim or defense in the sense that the federal plaintiff loses his ability to pursue his claim in federal court.  *See Moses H. Cone*, 460 U.S. at 10; *accord Shands Jacksonville Med. Ctr., Inc. v. Nat'l Union Fire Ins. Co.*, No. 3:14-CV-930-J-34JBT, 2015 WL 5714870, at *3 (M.D. Fla. Sept. 22, 2015).  Hence, the district court should have reviewed the magistrate judge's order *de novo.*

Accordingly, we **VACATE** the order of the district court and **REMAND** the matter for reconsideration of the *Colorado River* factors under the appropriate standard of review.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

7