Lawrence Moskowitz CLU Ltd., et al., v. ALP, Inc.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 25th day of November, two thousand twenty.

Present:     DENNIS JACOBS,
             ROSEMARY S. POOLER,
             RAYMOND J. LOHIER, JR.,

                     *Circuit Judges*.
_____

LAWRENCE MOSKOWITZ CLU LTD.,
LAWRENCE MOSKOWITZ,

                     *Plaintiffs-Appellants*,

              v.                                          20-1424-cv

ALP, INC.,

                     *Defendant-Appellee*.
_____

Appearing for Appellants:     David Leichtman, Leichtman Law PLLC (Richard A. Mescon, *on the brief*), New York, N.Y.

Appearing for Appellee:       Alexandra Douglas, (Jeffrey Eilender, *on the brief*), Schlam Stone & Dolan LLP, New York, N.Y.

Appeal from the United States District Court for the Southern District of New York (Ramos, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Appellants Lawrence Moskowitz CLU Ltd. and Lawrence Moskowitz appeal from the March 31, 2020 judgment of the United States District Court for the Southern District of New York (Ramos, *J.*), dismissing their complaint against ALP, Inc. Appellants brought claims for breach of contract, anticipatory breach of contract, declaratory alternative relief in the form of ALP equity and for recission, quantum meruit, restitution, and unjust enrichment against ALP. The district court dismissed for lack of jurisdiction finding that both Moskowitz, the individual, and ALP are New York citizens. Alternatively, the district court also declined to exercise jurisdiction under the *Colorado River* abstention doctrine, due to ongoing proceedings in New York State Supreme Court involving these parties and others. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

We affirm. We review a district court's determination of subject matter jurisdiction de novo for legal questions and clear error for questions of fact. *See Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005). The party asserting subject matter jurisdiction carries the burden of establishing, by a preponderance of the evidence, that jurisdiction exists. *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). In evaluating a motion to dismiss for lack of diversity, the court accepts all material factual allegations in the complaint as true "unless contradicted by more specific allegations or documentary evidence." *Amidax Trading Grp. v. S.W.I.F.T. SCRL*, 671 F.3d 140, 145 (2d Cir. 2011). "A party alleging that there has been a change of domicile has the burden of proving the required intent to give up the old and take up the new domicile, coupled with an actual acquisition of a residence in the new locality, and must prove those facts by clear and convincing evidence." *Palazzo* ex rel. *Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000) (internal alterations and quotation marks omitted). Appellants do not dispute the district court's factual findings, and instead argue that the district court improperly weighed the facts to determine that Moskowitz remained a New York citizen.

Appellants argue the district court failed to properly credit Moskowitz's statement that he intended to make a permanent move to the U.S. Virgin Islands. "One's testimony with regard to his intention is of course to be given full and fair consideration, but is subject to the infirmity of any self-serving declaration, and may frequently lack persuasiveness or even be contradicted or negatived by other declarations and inconsistent acts." *District of Columbia v. Murphy*, 314 U.S. 441, 456 (1941). Here, as the district court noted, numerous factors were inconsistent with Moskowitz's stated intention. He kept a New York office, a New York bank account, paid taxes in New York, leased two cars in New York, owned a home in New York, and kept a New York State-issued driver's license. *See, e.g.*, *Nat'l Artists Mgmt. Co. v. Weaving*, 769 F. Supp. 1224, 1228 (S.D.N.Y. 1991) (explaining that the determination of domicile considers factors such as voting, taxes, property, bank accounts, places of business or employment).

The district court also found Moskowitz's failure to submit his personal tax records weighed against crediting his stated intention to move to the Virgin Islands. Moskowitz objects based on cases where domicile was established without private tax records. *See, e.g.*, *Reynolds v. Wohl*, 332 F. Supp. 2d 653, 658-59 (S.D.N.Y. 2004) (finding domicile change was established without evidence of tax returns). None of these cases stand for the proposition that a district court cannot consider tax information, or the lack thereof. Here, Moskowitz acknowledged he filed his tax returns in New York without specifying whether he filed as a part-time or non-resident. The district court did not err in drawing an adverse inference from Moskowitz's failure to provide his tax return information, or even an affidavit denying that he filed as a New York resident.

Alternatively, the district court dismissed the case pursuant to the doctrine of *Colorado River* abstention, which allows federal courts to abstain from the exercise of jurisdiction if a parallel state court proceeding is ongoing. While abstention is a rare and disfavored action, *see Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 813 (1976), in 'exceptional circumstances' a court may decline to exercise jurisdiction when parallel state-court litigation could result in comprehensive disposition of litigation and abstention would conserve judicial resources, *id.* at 813. *See Niagara Mohawk Power Corp v. Hudson River-Black River Regulating Dist.*, 673 F.3d 84, 100 (2d Cir. 2012). In determining whether abstention is warranted, courts must first find that that there are parallel state and federal proceedings, and then consider six factors, with the balance heavily weighted in favor of the exercise of jurisdiction:

> (1) whether the controversy involves a res over which one of the courts has assumed jurisdiction; (2) whether the federal forum is less inconvenient than the other for the parties; (3) whether staying or dismissing the federal action will avoid piecemeal litigation; (4) the order in which the actions were filed, and whether proceedings have advanced more in one forum than in the other; (5) whether federal law provides the rule of decision; and (6) whether the state procedures are adequate to protect the plaintiff's federal rights.

*Woodford v. Cmty. Action Agency of Greene Cnty., Inc.*, 239 F.3d 517, 522 (2d Cir. 2001) (internal citations omitted). Our Court reviews a decision to abstain under *Colorado River* for abuse of discretion, but there is little or no discretion to abstain in a case that does not meet traditional abstention requirements. *See Dittmer v. County of Suffolk*, 146 F.3d 113, 116 (2d Cir. 1998). The district court found that factors three, five and six favored abstention, while factors one, two, and four were either neutral or favored retaining jurisdiction. *See Niagara Mohawk*, 673 F.3d at 101 (a neutral factor supports retaining jurisdiction).

As with their challenge to diversity jurisdiction, Appellants limit their argument to the district court's weighing of the factors, not its fact-finding. Appellants contend that the district court improperly held an additional factor, the vexatious or reactive nature of the case, as the decisive factor against exercising discretion. This argument misconstrues the district court's decision. The district court explicitly noted that the traditional six factors when weighed together favored abstention. The district court determined the danger of piecemeal litigation was very strong and arguably the key factor.

3

The Supreme Court and our court have repeatedly held that consideration of the factors is not a "mechanical" counting exercise, but "a careful balancing of the important factors as they apply in a given case." *See Arkwright-Boston Mfrs. Mut. Ins. Co. v. City of New York*, 762 F.2d 205, 210 (2d Cir. 1985) (internal quotation marks omitted) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 16 (1983)); *see also Royal & Sun All. Ins. Co. of Can. v. Century Int'l Arms, Inc.*, 466 F.3d 88, 94 (2d Cir. 2006) (same). Indeed, avoiding piecemeal litigation may be the paramount consideration under certain circumstances. *See Arkwright-Boston*, 762 F.2d at 211. Even were we to examine the district court's consideration of the vexatious and reactive nature of the litigation, the district court did not abuse its discretion. The Supreme Court has suggested that this factor may be considered. *See Moses H. Cone*, 460 U.S. at 17 n.20. The district court acted well within the bounds of its discretion in weighting the danger of piecemeal litigation factor more strongly than others. This alone resolves the appeal, as Appellants did not challenge the district court's finding on the remaining factors, none of which counseled strongly against abstention.

Finally, Appellants argue that the district court abused its discretion in not granting leave to replead, as diversity could be restored by dropping Moskowitz as a plaintiff and proceeding only with Moskowitz CLU. While this would have restored diversity, it does not address the district court's holding that the exercise of jurisdiction was improper under *Colorado River*. The district court did not exceed the bounds of its discretion failing to sua sponte grant leave to replead.[1]

We have considered the remainder of Appellants' arguments and find them to be without merit. Accordingly, the judgment of the district court is hereby AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[1] Appellants never filed a motion for leave to amend or otherwise requested such leave. *See Cruz v. FXDirectDealer, LLC*, 720 F.3d 115, 126 (2d Cir. 2013) ("[N]o court can be said to have erred in failing to grant a request [for leave to amend] that was not made.").

4