OPINION OF THE COURT
C. Raymond Radican, J.
In this contested probate proceeding, objectant decedent’s daughter has raised the usual objections to probate relating to due execution, testamentary capacity, fraud, and undue influence. A fifth objection alleges facts which seeks to establish the existence of a constructive trust for the benefit of objectant.
*1091 Decedent’s will, executed January 17, 1984, left her entire estate outright to her granddaughter. Objectant contends that decedent executed this will only because of an agreement between decedent and proponent that proponent would accept the property but then either transfer it to, or apply it for the benefit of, objectant. Decedent allegedly chose not to leave her estate directly to her daughter because of a Federal tax lien or liens against the daughter which evidently convinced decedent that a bequest to her daughter would be tantamount to a bequest to the Federal Government. Proponent denies any such agreement.
Proponent, the nominated executrix and sole legatee under decedent’s will, has moved for summary judgment dismissing the objections based on objectant’s testimony at her examination before trial that her only real objection to probate is the alleged constructive trust for her benefit. Proponent, who is objectant’s daughter, contends that objectant has thereby waived the usual objections to probate and that the allegation of a constructive trust is insufficient as a matter of law to deny admission of the will to probate.
In New York, the general tendency has been to eliminate any issue in a probate proceeding which is foreign to the question of the validity of the will and the issues of due execution, testamentary capacity, fraud and undue influence. Consequently, the courts have refused to consider a construction of the will prior to probate (Matter of Devine, 41 Misc 2d 211), an issue of a contract to make a will (Matter of Ingraham, 33 Misc 2d 144; Matter of Felter, 32 Misc 2d 985) or the validity of a right of an election (Matter of Urison, 15 Misc 2d 695).
In general, the technical argument is made that SCPA 1408 requires that a will must be probated if the court finds it to be valid, that is that the decedent was of sound mind and free from restraint without regard to any other extraneous issue. In addition, in the specific situation where it is sought to construe a will in a probate proceeding, the argument is made that it is premature to interpret a will that has not yet been admitted to probate.
Aside from these technical arguments, there are sound practical reasons for not considering such issues since for the most part they have nothing in common with issues relating to the validity of the will. This cannot be said, however, with regard to all cases involving a constructive trust.
*1092 Historically, a breach of faith by a named legatee or devisee to reconvey or to hold title beneficially for another which did not amount to actual fraud or undue influence was not a ground for contesting probate in the ecclesiastical, and later, the law or probate courts (Warren, Fraud, Undue Influence, and Mistake in Wills, 41 Harv L Rev 309 [1928]). In such a case, the aggrieved party whose expectations had been dashed was relegated to the court of equity to plead his case there.
Conversely, the issue of actual fraud was, and should be, litigated upon the probate of the instrument offered as decedent’s last will and testament. The probate court is the proper forum for such proceedings if it can provide adequate relief under the circumstances. In fact, where the issue can be resolved and justice served by denial of probate, the court of equity has no jurisdiction (Atkinson, Wills § 57, at 270 [2d ed]; Warren, op. cit., at 313).
This historical dichotomy between probate courts and courts of equity has been lamented by commentators since it puts the petitioner at the hazard of guessing what court should be selected where jurisdiction is fragmented and the very real possibility of multiple suits (3 Page, Wills § 26.17 [Bowe-Parker rev ed]).
Providentially in New York "[The] history of the Surrogate Court during the twentieth century is one of steadily expanding jurisdiction” (Matter of Piccione, 57 NY2d 278, 287). The court has progressed from not being empowered to consider any equitable action whatsoever (Matter of Hermann, 178 App Div 182, affd 222 NY 564; Matter of Higgins, 148 Misc 30, affd 240 App Div 860, affd 264 NY 226) to employing equitable powers only incidental to a specific set of statutorily formulated proceedings (Matter of Venblow, 2 AD2d 365) to presently being given jurisdiction of all matters relating to the affairs of a decedent (NY Const, art VI, § 12; Matter of Piccione, supra). An extension of this general jurisdictional predicate has been the enactment of SCPA 202 which empowers the court in any proceeding, whether or not specifically provided for, to exercise any of the jurisdiction granted to it by the SCPA or any other provision or law, notwithstanding that the jurisdiction sought be exercised in the proceeding is or may be exercised incidental to another proceeding. This has in effect eliminated the holdings in those cases which have limited this court’s equity powers to only those, incidental to a specific statute or proceeding provided for in the SCPA (see, e.g., Matter of Venblow, supra; Siegel, Practice Commentary, *1093 McKinney’s Cons Laws of NY, Book 58A, SCPA 202, at 144) and has opened up a virtually unlimited set of jurisdictional possibilities tempered only by the discretion of the Surrogate (cf., Sims v Manley, 120 AD2d 405). While therefore a constructive trust issue is not "incidental” to a probate proceeding in the technical sense, it does not matter anymore as long as there is a logical fit.
Returning to, the issue here presented, the objectant’s allegations may result either in a determination of actual fraud in the procurement of the will which is endemic to a probate contest and would invalidate the will or the imposition of a constructive trust which it does not appear any case in New York has considered previously to be properly part of a probate contest. Under the allegations in this case, however, either scenario involves common questions of fact and to attempt to separate them would only impede an ultimate resolution and serve no useful purpose. While not directly in point, Matter of Weinstock (40 NY2d 1) has intriguing similarities. There, in a probate proceeding two attorneys were charged with having overreached the testator in being named as coexecutors. This court determined that there existed at least constructive fraud in the procurement of such designations. The Appellate Division, however, reversed, holding that only actual fraud as distinguished from constructive fraud could invalidate a will (47 AD2d 542). The Court of Appeals, however, agreeing with this court on the issue of constructive fraud, stated that nevertheless the will was entirely valid and admissible to probate as written but that the attorneys would be prohibited from qualifying as executors. This, of course, was all accomplished as part of a probate proceeding. The imposition of a constructive trust comes to the same conclusion, namely, that the will is valid but that equity prevents the beneficiary from being unjustly enriched.
In summary, the court sees no objection to a joinder of the objection relating to the imposition of a constructive trust in this probate proceeding and accordingly, the motion for summary judgment to that extent is denied. Since there is a question of fact as to whether the proponent exercised actual fraud or not, the motion for summary judgment addressed to the issues of fraud and undue influence is likewise denied. With regard to the issues of due execution and testamentary capacity, the record establishes the existence of due execution and testamentary capacity and the objectant has not come forward with any evidence to the contrary (cf., Matter of Betz, *1094 63 AD2d 769). Accordingly, the motion for summary judgment on the issues of due execution and testamentary capacity is granted. This matter will appear on the court’s calendar for a pretrial conference on October 3, 1989 at 10:00 a.m.