■ MARCO JOSEPH COCCELLATO, Respondent, v MARCO J. COCCELLATO, Appellant.—Mahoney, P. J. Appeal from an order of the Supreme Court (Connor, J.), entered April 30, 1990 in Greene County, which, *inter alia,* denied defendant's motion for summary judgment dismissing the complaint.

Plaintiff's father (hereinafter decedent) and defendant were partners, with a motel in Greene County as a primary asset. There is a dispute over whether the partnership was still in existence when decedent died in 1983 in California. An ancillary administrator was appointed and sought permission from Surrogate's Court to sell decedent's alleged interest in the real property to defendant. Plaintiff, who is a residuary beneficiary under decedent's will, objected to the sale and Surrogate's Court refused permission, finding unresolved issues which required attention in "an appropriate court". Apparently no appeal was taken. More than two years later, plaintiff commenced this action seeking an accounting and constructive trust on the property from the alleged partnership. Defendant answered, denying the existence of a partnership at the time of decedent's death and asserting, *inter alia,* plaintiff's lack of standing as a defense. Supreme Court denied a motion by defendant for summary judgment and this appeal ensued.

We are of the view that as a residual beneficiary under decedent's will, plaintiff is a "person interested" in decedent's estate *(see,* SCPA 103 [39]) who can commence a proceeding in Surrogate's Court *(see,* SCPA 2101 [1] [a]). The questions surrounding the existence of a partnership between decedent and defendant certainly concern "the affairs of decedents" over which Surrogate's Court has jurisdiction (SCPA 201 [3]; *see generally, Matter of Piccione,* 57 NY2d 278). It strikes us, therefore, that this case more appropriately belongs in Surrogate's Court for resolution and, invoking our authority to exercise the powers of Supreme Court *(see, Matter of Joint Diseases N. Gen. Hosp. [Department of Taxation & Fin.],* 148 AD2d 873, 877 [Mahoney, P. J., concurring]), we transfer it accordingly *(see,* NY Const, art VI, § 19 [a]). Upon transfer, Surrogate's Court should join as a necessary party the ancillary administrator *(see,* CPLR 1001 [a]; SCPA 2102 [1]). Since

defendant's alleged interest in the alleged partnership could be pursued by the ancillary administrator *(see,* EPTL 11-1.1 [b] [13]; 11-3.1; RPAPL 1501 [1]), defendant should remain as a party. We further find no merit to defendant's contentions that summary judgment is appropriate as we find numerous questions of fact precluding summary judgment. We add that since the issues involved have been pending for several years, the parties should devote themselves to resolving this dispute and finalizing estate matters with due haste.

Order modified, on the law, without costs, by transferring the action to the Surrogate's Court of Greene County for further proceedings not inconsistent with this court's decision, and, as so modified, affirmed. Mahoney, P. J., Kane, Casey, Weiss and Mercure, JJ., concur.