(September 9, 1991)

■ RICHARD AHDERS, Respondent-Appellant, v GERTRUDE M. AHDERS, Appellant-Respondent.—In an action for a judgment declaring the plaintiff to be the owner of certain real property, to impose a constructive trust on the property, for an accounting, and to recover damages, the parties cross-appeal from stated portions of a judgment of the Supreme Court, Suffolk County (Thompson, J.H.O.), entered October 27, 1988, which, after a nonjury trial, *inter alia,* declared the plaintiff to be the holder of "valid title in fee" to the subject property, subject to a life estate in favor of the defendant, and which is in favor of the plaintiff and against the defendant in the principal sum of $100,000.

Ordered that the judgment is reversed, on the law and the facts and as a matter of discretion, without costs or disbursements; and it is further,

Ordered that the action is transferred to the Surrogate's Court, Nassau County, where it is to be stayed (1) pending the appointment either of an administrator, or of an executor under one of the several wills executed by the decedent, (2) pending determination by the Surrogate as to the validity or invalidity of those wills, (3) pending a further determination by the Surrogate as to the validity or invalidity of the various *inter vivos* transfers made by the decedent, (4) pending the joinder of the current owner of the disputed real property, and (5) pending whatever further proceedings the Surrogate deems appropriate.

The plaintiff's entitlement to any relief in this case depends entirely upon his status as a beneficiary under either the first or second of the three wills executed by the decedent Henry Ahders in 1965, 1980 and 1981, respectively, or upon the imposition of a constructive trust. To the extent that his claims are premised on his status as a beneficiary under the decedent's earlier wills, the plaintiff may obtain relief only in the Surrogate's Court *(see, McLaughlin v McLaughlin,* 155 AD2d 418). Even to the extent that his claims are premised on the imposition of a constructive trust, the matter should be heard in the Surrogate's Court rather than in the Supreme Court *(see, Coccellato v Coccellato,* 168 AD2d 872). We further note that the decedent's estate, as well as the current owner

of the disputed real property, are both necessary parties and must be joined if the plaintiff is to be granted the relief he requests *(see, McLaughlin v McLaughlin, supra; see also,* RPAPL 1511 [2]; CPLR 1001 [a]; *Nichols v Haehn,* 8 AD2d 405).

We recognize that the parties entered into a stipulation which had the apparent intent of obviating the need to pursue proceedings in the Surrogate's Court, Nassau County. However, the Supreme Court should not have accepted this stipulation. The relief awarded by the Supreme Court in declaring the plaintiff the holder of title to the real property in dispute in this case can be justified only on the assumption that the Supreme Court found that one of the decedent's earlier wills was valid and that the decedent's final will was invalid.

The constructive trust theory advanced by the plaintiff would, under the circumstances of this case, affect no more than the two-thirds interest in this property which the plaintiff inherited from his mother, and which he held prior to his conveyance to the decedent. It is also clear that the plaintiff cannot be awarded full title to the property on the theory that the decedent allegedly made an oral promise to devise it to him, because such promises are unenforceable *(see, Leary v Corvin,* 181 NY 222; 38 NY Jur 2d, Decedents' Estates, § 281). The Supreme Court's award of title to this property to the plaintiff is, therefore, defensible only upon the ground that the plaintiff is entitled to inherit this property under one of the decedent's earlier wills. The Supreme Court thus, in effect, probated one will and declared the invalidity of another, apparently based on the decedent's lack of testamentary capacity. Although the Supreme Court may exercise such jurisdiction, it is a type of jurisdiction which should be exercised only where, due to unusual circumstances, the Surrogate's Court cannot grant the relief sought *(see, Matter of Chrisman,* 43 AD2d 771, 772; *Matter of Moody,* 6 AD2d 861; *Noll v Ruprecht,* 256 App Div 926; *see also,* 25 Carmody-Wait 2d, NY Prac § 149:77).

There is no reason for the Supreme Court to preempt the Surrogate's Court in this case. The plaintiff may obtain all of the relief he seeks by propounding whatever will he asserts is valid and by suing in the name of the estate to recover assets which the defendant is alleged to have improperly taken from the decedent. In short, orderly practice requires that this action be transferred to the Surrogate's Court, notwithstanding the apparent intent of the parties to avoid that forum.

Accordingly the judgment is reversed, and the matter is

transferred to the Surrogate's Court, Nassau County. Mangano, P. J., Bracken, Kunzeman and Kooper, JJ., concur.