■ WALDEN TERRACE, INC., Respondent, v BROADWALL MANAGEMENT CORP. et al., Appellants, et al., Defendants. [624 NYS2d 217] —In an action to recover damages, inter alia, for fraud and conversion, the defendants Broadwall Management Corp. and Andrew Ratner appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Dunkin, J.), dated December 8, 1993, as denied their motion to dismiss the first and fourth causes of action insofar as they are asserted against them and to strike the plaintiff's demands for punitive damages.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the defendants' motion is granted, the first and fourth causes of action insofar as they are asserted against Broadwall Management Corp. and Andrew Ratner are dismissed, and the plaintiff's demands for punitive damages in connection with the first, third, and fourth causes of action are stricken.

The plaintiff's cause of action for fraud did not allege the essential elements of a fraud claim and did not set forth in detail the circumstances constituting the wrong. Thus, the fourth cause of action should have been dismissed (see, CPLR 3016 [b]; Barclay Arms v Barclay Arms Assocs., 74 NY2d 644).

The plaintiff's cause of action for conversion failed to allege any specific and identifiable property converted by the defendants. Thus, the first cause of action should have been dismissed as well (see, *United Sys. Assocs. v Norstar Bank Upstate N. Y.*, 171 AD2d 922; *Matzan v Eastman Kodak Co.*, 134 AD2d 863; *Independence Discount Corp. v Bressner*, 47 AD2d 756).

The plaintiff's demand for punitive damages in connection with the third cause of action for breach of contract must also be stricken (see, *Cross v Zyburo*, 185 AD2d 967). We do not address the propriety of the plaintiff's demand for punitive damages in connection with its fifth cause of action because that issue was not raised by the defendants. Balletta, J. P., Thompson, Santucci, Altman and Hart, JJ., concur.