■ In the Matter of the Estate of STEPHEN CHICOLA, Deceased. In the Matter of the Estate of AMELIA C. CHICOLA, Deceased. JOHN CHICOLA, as Executor of AMELIA C. CHICOLA, Deceased, Appellant; STEPHEN CHICOLA et al., Respondents. [637 NYS2d 823] —Order unanimously reversed on the law without costs, motion granted and petition dismissed. Memorandum: Petitioners are the grandchildren of the deceased, Stephen and Amelia C. Chicola. They seek to impose a constructive trust upon the proceeds of a policy insuring the life of their father, Stephen August "Auggie" Chicola. Auggie's second wife, Adelaide, was the primary beneficiary of that policy. Because she was convicted for the murder of Auggie, Adelaide was disqualified from receiving the benefits of that policy. The proceeds of that policy, $100,000, were paid to the deceased, Stephen Chicola, Auggie's father, who deposited those funds in a bank account. Before receiving those proceeds, Stephen made a handwritten addition to his Last Will and Testament, providing that the proceeds of the policy were to be placed in trust for Auggie's three sons, who would receive the income from that trust in equal shares. That handwritten addition was not executed with the formalities required for execution of a codicil *(see,* EPTL 3-2.1). About 10 years after Stephen made that addition, Stephen's lawyer prepared a new proposed Last Will and Testament that bequeathed $100,000, which Stephen considered to be the proceeds of the policy, in trust to Auggie's three children. Stephen, however, died before executing that document. Amelia Chicola, the sole distributee of her husband's estate, died before his estate was closed. John Chicola, a son of Stephen and Amelia and the executor of Amelia's estate, moved for summary judgment dismissing the petition. The Surrogate erred in denying that motion.

The equitable powers of a court may be invoked to impress a constructive trust upon the demonstration of "(1) a confidential or fiduciary relation, (2) a promise, (3) a transfer in reliance thereon and (4) unjust enrichment" *(Sharp v Kosmalski,* 40 NY2d 119, 121; *see also, Scivoletti v Marsala,* 97 AD2d 401,

402, *affd* 61 NY2d 806; *Matter of Colbert,* 210 AD2d 616, 618). Although rigid adherence to those elements is not required in every instance *(Simonds v Simonds,* 45 NY2d 233, 241), the gravamen of an action to impose a constructive trust is the transfer of property in reliance upon a promise to convey, reconvey or hold the property for the benefit of another *(see generally, Christou v Christou,* 109 AD2d 1058, *affd* 65 NY2d 853). Petitioners submitted no proof that the policy proceeds were transferred in reliance upon such a promise. Further, there is no proof that, during his lifetime, Stephen effectively placed the policy proceeds in trust for petitioners. Thus, the Surrogate should have granted the motion for summary judgment dismissing the petition. (Appeal from Order of Cattaraugus County Surrogate's Court, Sprague, S.—Constructive Trust.) Present—Lawton, J. P., Fallon, Callahan, Balio and Boehm, JJ.