■ In the Matter of the Estate of WALTER LEDERER, Deceased. ELEANOR TE NYENHUIS, as Administratrix, C. T. A., Respondent; FRANK E. PISTILLI et al., Appellants. [641 NYS2d 3] ■

Petitioner, a one-fourth beneficiary under the decedent's estate, was granted limited letters of administration in May 1993 for the specific purposes of bringing this turnover proceeding, following a stipulation during an intermediate accounting proceeding, at which respondents-appellants were represented by counsel. Accordingly, we agree with the Surrogate that, under these circumstances, the six year Statute of Limitations for the imposition of a constructive trust on the claimed monies is the appropriate limitations period and that the present proceeding, commenced in March 1994, may not be defeated on Statute of Limitations grounds in view of the doctrine of equitable estoppel and agreement among all concerned that this proceeding could be brought (*see generally, General Stencils v Chiappa*, 18 NY2d 125).

The record conclusively demonstrates that the monies taken from the decedent's bank accounts two days before death, pursuant to a power of attorney held by respondent Frank Pistilli, were not given to the alleged donees of these bank accounts prior to decedent's death, and thus, respondent Frank Pistilli was without authority to transfer these funds to the alleged donees many months after decedent's death. Without actual

delivery of the funds to the alleged donees, which in the present circumstances could readily have been accomplished (see, *Gruen v Gruen*, 68 NY2d 48, 56-57), the alleged inter vivos gifts were never completed during the lifetime of the decedent, and thus, the funds must be returned to the estate. Concur—Murphy, P. J., Milonas, Rosenberger, Ross and Mazzarelli, JJ.