OPINION OF THE COURT
Herman Cahn, J.
Defendant Dean J. Lakis, an attorney, moves to dismiss the complaint for failure to state a cause of action, CPLR 3211 (a) (7), and lack of particularity, CPLR 3016. This motion raises the issue of whether an attorney can be held liable under the Debtor and Creditor Law, for a fraudulent conveyance made by a client, where some of the conveyed assets were used to pay his fees.
BACKGROUND
The amended complaint served in opposition to the motion to dismiss for failure to state a cause of action alleges the following facts which are assumed to be true for purposes of this motion.*
Beginning in 1993, defendant I.E.A. Electric Group, Inc. (Electric Group) was the electrical contractor for a construction project at John F. Kennedy International Airport. Defendant Susan Miller was a principal and president of Electric Group and a principal and secretary of defendant I.E.A. Electric Services Corp. (Electric Services). Defendant John Lakis was a principal and officer of Electric Group and a principal and president of Electric Services.
In August 1995, plaintiff Contractors Casualty and Surety Company (CCSC) issued a financial guarantee bond on behalf of Electric Group in favor of Anixter Wire & Cable Co. (Anixter), which was a materialman on the airport construction project. Electric Group and Miller each agreed to indemnify Anixter against any losses or expenses that it incurred as surety on the bond (the Indemnification Agreement).
*471 On August 5, 1996, Anixter brought an action against Electric Group and CCSC for Electric Group’s alleged default in paying Anixter for materials (the Anixter Action). The same attorney represented both CCSC and Electric Group in that action. After Anixter filed a motion for summary judgment, Electric Group purportedly agreed to settle the Anixter Action for $77,847.73, payable in three installments. Electric Group never consummated the settlement agreement.
In March 1997, the moving defendant herein, Dean J. Lakis, Esq., son of defendant John Lakis, was substituted as counsel for both Electric Group and CCSC in the Anixter Action. On July 7, 1997, Dean J. Lakis advised Anixter’s attorney, in writing, that defendants in said action would pay one half of the total amount which was agreed to be due on or before July 31, 1997, and the other half on or before August 31, 1997.
Unbeknownst to CCSC, on August 28, 1997, on the eve of Electric Group’s obligation and agreement to pay the balance of Anixter’s claims in full, Dean J. Lakis, together with the other defendants, engaged in a scheme to render Electric Group judgment proof to avoid the settlement obligations to Anixter and the indemnity obligations to CCSC.
As part of the scheme, Dean J. Lakis counseled the other defendants to transfer all of Electric Group’s assets, business, and cash to a newly formed entity, Electric Services, including Electric Group’s office equipment, furniture, office supplies, and accounts receivable. Included in the transfer were rights in existing jobs and works in progress, employees, goodwill, and at least $63,000 in cash which was deposited in a new bank account on September 19, 1997. Lakis incorporated Electric Services, which assumed all of the assets and property of Electric Group.
Electric Group failed to make the settlement payments, and on February 8, 1998, a judgment was entered in favor of Anixter against both Electric Group and CCSC in the amount of $89,173.98 (the Judgment). CCSC seeks indemnification from Electric Group and Miller.
The amended complaint contains six causes of action, two of which are against movant Dean J. Lakis. These include (1) the second cause of action, which alleges that Dean J. Lakis participated in the fraudulent conveyance scheme, in violation of article 10 of the Debtor and Creditor Law, and (2) the fourth cause of action for fraud. CCSC alleges that Dean J. Lakis knew that the transfer to Electric Services would render Electric Group insolvent and, notwithstanding this knowledge, *472 counseled Electric Group to transfer the assets in order to defeat CCSC’s rights under the Indemnification Agreement. Further, CCSC alleges that Dean J. Lakis benefitted from the conveyance by receiving legal fees, expenses, and other consideration from Electric Group.
DISCUSSION
Dean J. Lakis moves to dismiss the complaint against him for failure to state a cause of action. For the reasons set forth below, the motion is denied.
In considering a CPLR 3211 (a) (7) motion, the court must determine whether the pleader would be entitled to judgment, assuming that all of the facts alleged in the complaint are true. (Crawford v Cantor, 82 AD2d 791 [1st Dept 1981], affd 56 NY2d 529 [1982]; 219 Broadway Corp. v Alexander’s, Inc., 46 NY2d 506 [1979].) The allegations in the complaint are to be taken as true. (Sanders v Winship, 57 NY2d 391 [1982].) Hence, although the statements made by Dean J. Lakis, controverting the allegations contained in the amended complaint, may be appropriate for a CPLR 3212 summary judgment motion, they are inappropriate here and do not further his motion for a preanswer dismissal of the amended complaint.
Moreover, the criterion on this preanswer dismissal motion is whether plaintiff has pleaded a cause of action, not whether it may ultimately be successful on the merits. (Stukuls v State of New York, 42 NY2d 272 [1977]; One Acre v Town of Hempstead, 215 AD2d 359 [2d Dept 1995].)
The amended complaint, supplemented by CCSC’s additional submissions, states a claim against Dean J. Lakis.
Under New York law, a creditor may only recover for the fraudulent transfer of the debtor’s assets from defendants who are either transferees of the assets, or beneficiaries of the conveyance. (Federal Deposit Ins. Corp. v Porco, 75 NY2d 840 [1990].) Dean J. Lakis asserts that he was neither a transferee of Electric Group’s assets nor a beneficiary of the conveyance. He did not benefit from the incorporation of Electric Services, and there is no allegation that he was a transferee of Electric Group’s assets. Plaintiff argues that since his attorney’s fees were paid, Lakis became a beneficiary of the conveyance to Electric Services. An attorney may be liable to a creditor for a fraudulent conveyance, under the Debtor and Creditor Law, where some of the client’s transferred assets were used to pay his legal fees and personal expenses. (See, Stochastic Decisions v DiDomenico, 995 F2d 1158, 1172 [2d Cir], cert denied 510 US 945 [1993].)
*473 If an attorney were merely to receive payment of his fees from the fraudulently conveyed assets, that attorney would be no more of a transferee than any other creditor. In other words, merely receiving payment of a fee should not make an attorney liable for the client’s fraudulent conveyance. However, if the attorney receives more than payment of a past due fee, such additional consideration could lead to a finding of liability. Further, if the attorney counseled the client to engage in a fraud, the attorney might be liable for fraud, and/or for violations of the profession’s ethical obligation.
Here, much has been pleaded in the amended complaint relating to attorney Lakis’ actions. The court will not dismiss the complaint on a preanswer motion and deprive plaintiff of the opportunity to engage in discovery on the matter.
Furthermore, Lakis’ contention that he was not paid for his legal services and, therefore, he did not benefit from a conveyance between the two corporations, raises an issue of fact, which cannot be decided on a CPLR 3211 motion, and, as previously stated, requires more discovery. (Gallant v Kanterman, 198 AD2d 76 [1st Dept 1993].)
Lakis attempts to distinguish Stochastic Decisions v DiDomenico (supra), on the ground that, in Stochastic Decisions v DiDomenico, the attorney masterminded a fraudulent conveyance. Here too, however, CCSC has alleged that Lakis played an integral role in the fraudulent conveyance scheme through his involvement in the purported settlement with Anixter and subsequent judgment, together with the incorporation of, and transfer of assets to, Electric Services.
Movant argues that his status as the son of one of the corporate principals should not render him liable for his father’s alleged wrongdoings. He is, of course, correct in this. Denial of movant’s motion, however, does not render him liable since he may ultimately prevail. Moreover, as previously stated, on this motion the pleader is entitled to the benefit of all reasonable inferences.
As to the fraud claim, Lakis argues that this cause of action lacks the specificity mandated by CPLR 3016. A fraud claim requires allegations of (1) misrepresentation of a material fact, (2) falsity, (3) knowledge, (4) reliance, and (5) damages (Silver Assocs. v Baco Dev. Corp., 245 AD2d 96 [1st Dept 1997]). Lakis contends that CCSC has not alleged that he made any false material representation, with knowledge of its falsity, or that CCSC was damaged in reliance thereon. These assertions are unpersuasive.
*474 CCSC produced a letter, dated July 9, 1997, referred to in the complaint, wherein Lakis represented to Anixter’s attorneys that Electric Group was expressly committed to effectuating the terms of the settlement of the Anixter lawsuit. Meanwhile, CCSC alleges, Lakis was effectuating the alleged fraudulent transfers, cognizant of the fact that Electric Group was attempting to shield itself from the claim, and probable (future) judgment. CCSC alleges further that it relied on Lakis’ false representations and that it was damaged because of the Judgment entered in favor of Anixter combined with Electric Group’s subsequent breach of the Indemnification Agreement. Since an attorney may be personally liable to a third party for fraud (Nineteen N. Y. Props. Ltd. Partnership v Kim, 251 AD2d 104 [1st Dept 1998]), and CCSC has stated the requisite elements of a fraud cause of action, the motion to dismiss based on lack of particularity is denied.
Accordingly, it is ordered that the motion to dismiss the complaint is denied.

 Contractors Casualty and Surety Company takes the uncontroverted position that it was entitled to serve the amended complaint as of right without leave of court.