**Stella HODGE, by her Personal Guardian, Darlene L. SKIFF, Plaintiff,**

v.

**Donald R. HODGE, Defendant,**

**Robert D. Hodge, Third–Party Plaintiff,**

v.

**Darlene L. Skiff, Third–Party Defendant.**

No. 98–CV–0737.

United States District Court, N.D. New York.

Dec. 1, 1999.

Donald R. Hodge, Mexico Beach, FL, pro se.

Tobin and Dempf, Albany, NY, Kevin A. Luibrand, of counsel, for Plaintiff/Third–Party Defendant Darlene L. Skiff,

## MEMORANDUM–DECISION & ORDER

McAVOY, Chief Judge.

The present federal diversity action arises out of a Complaint filed on May 5, 1998 by Stella Hodge, through her personal guardian, Darlene Skiff, against Robert Hodge, alleging fraud and conversion of certain marital assets shared by Stella and

Robert Hodge.[1] On March 5, 1999, Mr. Hodge filed a third-party Complaint against third-party defendant, Darlene L. Skiff, alleging conversion of assets and property jointly owned by Stella and Robert Hodge and intentional infliction of severe emotional distress. Skiff now moves this Court for summary judgment with respect to claims raised in her Complaint and seeks: (1) an award of $350,000.00 in compensatory damages; (2) a declaration that the Last Will and Testament and Power of Attorney executed by Stella Hodge on July 21, 1995, and any other documents executed by or on behalf of Stella Hodge after that date, are null and void; (3) the establishment of a constructive trust over any properties transferred and/or converted by Mr. Hodge; (4) an order directing the return of any property transferred by Mr. Hodge; and (5) an accounting of all of Stella Hodge's property and other assets. *See* Compl. at ¶ 27; Affidavit of Attorney Kevin Luibrand in Support of Motion For Summary Judgment, (hereinafter "Luibrand Aff."), at ¶ 20. Skiff also moves for summary judgment seeking dismissal of the third-party Complaint. For the factual and procedural background in this matter, the Court assumes familiarity with its numerous prior decisions. *See Hodge v. Hodge*, 98–CV–737 (Decision & Order dated October 28, 1999) (hereinafter "October 28, 1999 Decision & Order"); *Hodge v. Hodge*, 98–CV–737 (Decision & Order dated July 21, 1999); *Hodge v. Hodge*, 66 F.Supp.2d 342 (N.D.N.Y. 1999).

**1.** Third-party plaintiff, Robert D. Hodge, was initially named as Donald R. Hodge in the Complaint. The Court notes, however, that they are the same individual. Because Stella and Robert Hodge are both named in this action, the Court will, when necessary, refer to the defendant/third-party plaintiff as "Mr. Hodge."

**2.** This address was apparently provided to Plaintiff by Mr. Hodge's former counsel, the Castillo & Siegel Law Firm, as a condition of their withdrawal as Mr. Hodge's counsel in this matter. *See Hodge v. Hodge*, 98–CV–737 (Order dated August 5, 1999) (Docket No. 52).

## I. BACKGROUND

Plaintiff/Third–Party Defendant Skiff's motion is another chapter in an intra-family dispute that has been the subject of considerable litigation before this Court. In its most recent decision in this matter, the Court noted that Mr. Hodge failed to timely respond to Plaintiff's motion for summary judgment with respect to the original and third-party Complaint. Plaintiff's counsel stated that the motion was served on Mr. Hodge by mail at his address of record.[2] *See* Affidavit of Attorney Kevin Luibrand of Compliance With Service (hereinafter "Service Aff."), at ¶¶ 8–10. However, because Mr. Hodge is currently proceeding *pro se*, the Court ordered that Plaintiff also serve her motion for summary judgment, and all supporting submissions, on Mr. Hodge at his physical residence address by November 5, 1999.[3] *See* October 28, 1999 Decision & Order, at 5. Plaintiff filed proof of service with the Court on November 5, 1999. *See* Docket No. 60. This Court also ordered that Mr. Hodge file and serve his opposition to Plaintiff's motion by Friday, November 19, 1999, and that during this time, Plaintiff's motion for summary judgment would be held in abeyance. *See id.* If Mr. Hodge filed opposition papers, Plaintiff was permitted until November 26, 1999 to file a reply. *See id.*

On November 19, 1999, Mr. Hodge filed a letter with this Court asking that Plaintiff's request for summary judgment be

**3.** Although the Local Rules of the Northern District of New York provide that failure to oppose a motion is deemed consent to the granting or denial of the motion, *see* N.D.N.Y.L.R. 7.1(b)(3), this does not replace this Court's discretion in entertaining requests for declaratory judgment or the moving party's independent burden on summary judgment to sufficiently establish the requisites of his or her claims when the non-moving party is proceeding *pro se*.

denied.[4] *See* Docket No. 63. Aside from recounting his unfortunate circumstances, Mr. Hodge failed to offer any specific arguments in opposition to Plaintiff's motion. *See id.* Mr. Hodge also attached a copy of a document that purportedly revoked the "substitute" Power of Attorney he executed in favor of Darlene Skiff. *See id.* Plaintiff did not file any reply papers to Mr. Hodge's opposition papers.

Having received submissions from both parties in connection with the instant motion, the Court will now decide Plaintiff's motion on a submit basis.

## II. DISCUSSION

### A. Declaratory Judgment Regarding July 21, 1995 Last Will and Testament and Power of Attorney Executed by Stella Hodge

Plaintiff moves this Court for a declaration that the Last Will and Testament and Power of Attorney executed by Stella Hodge on July 21, 1995 be declared null and void. *See* Compl. at ¶¶ 27.

 As the Supreme Court has instructed, " 'the propriety of declaratory relief in a particular case will depend upon a circumspect sense of its fitness informed by the teachings and experience concerning the functions and extent of federal judicial power.' " *Wilton v. Seven Falls Co.*, 515 U.S. 277, 287, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995) (quoting *Public Serv. Comm'n of Utah v. Wycoff*, 344 U.S. 237, 243, 73 S.Ct. 236, 97 L.Ed. 291 (1952)). Thus, federal district courts have broad discretion to abstain from deciding declaratory judgment actions. *See id.* at 287, 115 S.Ct. 2137 ("The [Declaratory Judgment Act's] textual commitment to discretion, and the breadth of leeway we have always understood it to suggest, distin-

guish the declaratory judgment context from other areas of the law in which concepts of discretion surface."); *Farrell Lines Inc. v. Ceres Terminals Inc.*, 161 F.3d 115, 117 (2d Cir.1998) ("*Wilton* held that district courts have a 'unique breadth of . . . discretion to decline to enter a declaratory judgment,' emphasizing the use of the word 'may' in 28 U.S.C. § 2201.") (quoting *Wilton*, 515 U.S. at 287, 115 S.Ct. 2137); *Dittmer v. County of Suffolk*, 146 F.3d 113, 118 (2d Cir.1998). In particular, a federal district court may, in the exercise of discretion afforded under the Declaratory Judgment Act, decline to exercise diversity jurisdiction in declaratory judgment actions raising issues of state, rather than federal, law. *See, e.g., Dittmer*, 146 F.3d at 118; *Fay v. Fitzgerald*, 478 F.2d 181, 182 (2d Cir.1973); *In re Thomas and Agnes Carvel Foundation*, 36 F.Supp.2d 144, 153 (S.D.N.Y.) (noting that a presumption in favor of state adjudication of state law issues), *appeal dismissed in part*, 188 F.3d 83 (2d Cir.1999).

 The Court finds that Plaintiff's request for a declaratory judgment in connection with the Last Will and Testament and Power of Attorney executed by Stella Hodge presents issues uniquely suited for state court adjudication.[5] First, Plaintiff's claims do not implicate issues of federal law. Indeed, "[s]tate law alone provides the rule of decision" over claims raised in connection with the validity of the Last Will and Testament and Power of Attorney. *In re Thomas and Agnes Carvel Foundation*, 36 F.Supp.2d at 153. Second, although it does not appear that parallel state proceedings have been initiated on this issue, the claims raised in connection with Plaintiff's motion necessarily involve questions regarding the administration and distribution of Plaintiff's property that

---

4. Mr. Hodge's opposition papers were mailed from his address of record rather than his physical residence address.

5. Related issues in this matter have already been litigated in the state court. Specifically, on Skiff's petition, Skiff was appointed guard-

ian for Stella Hodge, and Hodge was ordered to maintain an account for his wife's continued medical care. *See* Affidavit of Darlene Skiff, at Ex. C (January 30, 1998 Order of Hon. George B. Ceresia, New York Supreme Court, Rensselaer County).

have traditionally been considered matters of important state interest. With respect to the validity of the will, the state court—in particular, the Surrogate's Court—will have jurisdiction over the claimants and claims at issue when Stella Hodge dies and is, therefore, better situated to resolve the controversy over the parties' rights as potential distributees or legatees of Plaintiff's estate. Indeed, Plaintiff's request that this Court order the establishment of a constructive trust over Plaintiff's property and an accounting of that property are matters that fit squarely within the scope of authority and jurisdiction traditionally exercised by the Surrogate's Court in connection with will disputes.[6] *See In Matter of O'Rourke,* 232 A.D.2d 642, 648 N.Y.S.2d 704, 705 (2d Dep't 1996), *leave to appeal denied,* 89 N.Y.2d 810, 656 N.Y.S.2d 738, 678 N.E.2d 1354 (1997); *In re Estate of Chicola,* 224 A.D.2d 1005, 637 N.Y.S.2d 823, 824 (4th Dep't 1996); *Accounting of Rose Sakow,* 219 A.D.2d 479, 631 N.Y.S.2d 637, 639–40 (1st Dep't 1995); *Ahders v. Ahders,* 176 A.D.2d 230, 574 N.Y.S.2d 203, 204 (2d Dep't 1991) ("[T]o the extent that [plaintiff's] claims are premised on the imposition of a constructive trust, the matter should be heard in the Surrogate's Court rather than in the Supreme Court."); *Coccellato v. Coccellato,* 168 A.D.2d 872, 564 N.Y.S.2d 541, 542 (3d Dep't 1990) (action

by a residuary beneficiary seeking an accounting and constructive trust on property from partnership with decedent should be decided by Surrogate's Court); *In re Will of Artope,* 144 Misc.2d 1090, 545 N.Y.S.2d 670, 671–72 (N.Y.Surr.Ct.1989) (objectant's claim for a constructive trust based on fraud, testamentary capacity and undue influence within jurisdiction of Surrogate's Court). Accordingly, the Court finds that some of the issues tendered in Plaintiff's federal Complaint—such as Stella Hodge's competency at the time she executed the July 21, 1995 Last Will and Testament—can not be completely decided by this Court and, thus, will need to be ultimately decided by the state courts. More importantly, because Stella Hodge is currently alive, issues involving the validity of her Last Will and Testament are likely not even ripe for adjudication by *any* court. Indeed, it is premature to interpret or invalidate a will that has not yet been admitted to probate because the testator is still alive.

In seeking to declare the Last Will and Testament and Power of Attorney null and void, Plaintiff asks this Court to determine whether Stella Hodge was competent at the time she executed these documents. Indeed, the issue of Stella Hodge's capacity bears directly on the validity of these

**6.** In general, matters involving the orderly administration or distribution of property in an estate are within the exclusive jurisdiction of the Surrogate's Court. *See Princess Lida of Thurn and Taxis v. Thompson,* 305 U.S. 456, 466, 59 S.Ct. 275, 83 L.Ed. 285 (1939); *Torelli v. Torelli,* 941 F.Supp. 36, 39 (S.D.N.Y. 1996); *Celentano v. Furer,* 602 F.Supp. 777, 779 (S.D.N.Y.1985). Contrary to instances where a federal court's jurisdiction would not interfere with the jurisdiction of the Surrogate's Court, such as where a third-party creditor alleges a claim against the estate or a legatee of the estate, *see United States v. Pikna,* 880 F.2d 1578, 1583 (2d Cir.1989) (Government action to foreclose tax liens may be litigated in federal court even though parallel proceedings in Surrogate's Court concerning the escrow at issue were undertaken), or where a party asks the Court to determine whether he or she has an ownership interest in property, e.g., stock, within the estate, *see*

*Beach v. Rome Trust Co.,* 269 F.2d 367, 372 (2d Cir.1959), or where the federal court is asked to adjudicate a claim for recovery under a contract between the parties to make a will, *see Lamberg v. Callahan,* 455 F.2d 1213, 1217 (2d Cir.1972); *Celentano,* 602 F.Supp. at 780, here, the parties' claims deal principally with the administration of assets in Plaintiff's estate, which will become ripe upon the death of Stella Hodge. Thus, issues regarding the validity of the will are not properly before the Court at this time. Furthermore, the parties are not asking the Court to determine that either party has a *right* to share in Plaintiff's estate (where federal court jurisdiction could be maintained); rather, they ask the Court to oversee the administration and distribution of Stella Hodge's estate—by way of a constructive trust and accounting of Stella Hodge's estate—for which an alternative competent state forum is available. *See, e.g., Grace v. Grace,* 394 F.2d 127, 129 (2d Cir.1968).

documents. Because any determination of Stella Hodge's competency will have a direct impact on the validity of both the Last Will and Testament *and* Power of Attorney executed on the same day, and any ruling by this Court with respect to the validity of the documents may be binding in a subsequent state court proceeding, the Court believes that it is the better course that the entire dispute be handled in one state forum. Accordingly, the Court, in an exercise of its discretion, declines to entertain Plaintiff's request that this Court declare the Last Will and Testament and Power of Attorney executed by Stella Hodge on July 21, 1995 null and void. For similar reasons, the Court also declines to consider the related relief of whether an accounting and constructive trust over Stella Hodge's property and assets is appropriate under the circumstances.[7] *See, e.g., Fay,* 478 F.2d at 183–84; *In re Thomas and Agnes Carvel Foundation,* 36 F.Supp.2d at 154.

### B. Fraud and Conversion Claims in the Complaint and Conversion Claim in the Third–Party Complaint

 To successfully plead a claim of fraud, a party must aver, with the requisite specificity, allegations of: (1) a misrepresentation of a material fact, (2) falsity, (3) knowledge, (4) reliance, and (5) damages. *See Contractors Cas. and Sur. Co. v. I.E.A. Elec. Group, Inc.,* 181 Misc.2d 469, 693 N.Y.S.2d 915, 918 (Sup.Ct.1999) (citing *Stuart Silver Assocs., Inc. v. Baco Dev. Corp.,* 245 A.D.2d 96, 665 N.Y.S.2d 415, 417 (1st Dep't 1997)). Because "[Fed. R.Civ.P.] 9(b)'s particularized pleading requirement 'does not constitute a license to base claims of fraud on speculation or conclusory allegations,'" *A.I.A. Holdings, S.A.*

*v. Lehman Bros., Inc.,* 1998 WL 159059, at *6 (S.D.N.Y. April 1, 1998) (quoting *Karasyk v. Marc Commodities Corp.,* 770 F.Supp. 824, 830 (S.D.N.Y.1991)), "a complaint must adduce specific facts supporting a strong inference of fraud or it will not satisfy a relaxed pleading standard." *Id.*

 In her Complaint, Plaintiff alleges that Hodge fraudulently induced his wife to execute a will while she was in an impaired mental state and subsequently falsified documents in an effort to transfer his wife's assets to himself and other parties. *See* Compl. at ¶¶ 13–14. In her affidavit, Skiff contends that:

> Hodge utilized the power of attorney [executed by Stella Hodge] to transfer assets of my mother in Florida and, later, in New York, to himself. These transactions included transferring the home owned by my mother and defendant Hodge into defendant Hodge's name only, and writing checks to himself from my mother's bank accounts.

Affidavit of Darlene Skiff, at ¶ 8.

In her Memorandum of Law, Plaintiff does not detail the specific factual basis underlying her fraud and conversion claims; rather, she principally argues that Stella Hodge was not competent when she executed the July 21, 1995 Last Will and Testament and Power of Attorney and, thus, these documents should be declared null and void. *See* Pl. Mem. of Law at 5–15. Moreover, in arguing that Hodge's claim of conversion should be dismissed, Skiff merely contend that any property or assets she acquired from her mother's estate were properly taken pursuant to the "substitute power of attorney" given to her by Hodge in order for her to care for her mother.[8] *See id.* at 15.

---

7. The Court notes that granting the relief sought by Plaintiff is further complicated by the fact that Mr. Hodge, currently proceeding *pro se* in this matter, has failed to oppose Skiff's motion and, thus, has not presented any facts to challenge Skiff's account of the facts and circumstances underlying the execu-

tion of Stella Hodge's Last Will and Testament and Power of Attorney.

8. Because the Court does not reach the merits of Hodge's conversion claim, it does not pass on the legality of the "substitute power of attorney" executed by the parties.

Plaintiff's submissions with respect to her motion for summary judgment fail to satisfy her burden of alleging *sufficiently specific* details to establish or prevail on her claim of fraud and conversion against Hodge. The statements contained in Plaintiff's submissions are conclusory and fail to provide sufficient details to sustain a grant of summary judgment in Plaintiff's favor with respect to both Plaintiff's claims of fraud and conversion in the Complaint and Hodge's claim of conversion in the third-party Complaint. Specifically, neither the Complaint nor the Memorandum of Law and affidavit submitted by Plaintiff sufficiently set forth the details or factual basis underlying Hodge's alleged fraud and conversion of his wife's property. *See* FED. R. CIV. P. 9(b); *see, e.g., Tucker Leasing Capital Corp. v. Marin Med. Management, Inc.,* 833 F.Supp. 948, 961 (E.D.N.Y. 1993) ("The defendants do not set forth any particulars regarding any meetings, conversations, or correspondence concerning the alleged fraud. In addition, no details concerning dates, times, places, nor the alleged content of the misrepresentations are supplied. Simple conclusory allegations of a fraudulent business practice are insufficient to state a claim for fraud in the inducement."); *Tri–State Judicial Servs., Inc. v. Markowitz,* 624 F.Supp. 925, 931 (E.D.N.Y.1985) (dismissing fraud claim where allegations were conclusory); *Wigand v. Murphy,* 693 N.Y.S.2d 309, 311 (3d Dep't 1999) (citing N.Y.C.P.L.R. § 3016(b)); *Walden Terrace, Inc. v. Broadwall Management Corp.,* 213 A.D.2d 630, 624 N.Y.S.2d 217, 218 (2d Dep't 1995) (dismissing fraud claim where plaintiff "did not set forth in detail the circumstances constituting the wrong" and dismissing conversion claim where plaintiff "failed to allege any specific and identifiable property converted by the defendant[ ]"); *Barclay Arms, Inc. v. Barclay Arms Assocs.,* 144 A.D.2d 287, 534 N.Y.S.2d 168, 169 (1st Dep't 1988) ("Plaintiff's complaint is not only completely devoid of any factual detail to sustain the general conclusory assertion of fraud, it does not even allege the existence of essential elements of a fraud claim, such as the misrepresentation of a material fact, falsity, scienter and deception."), *aff'd,* 74 N.Y.2d 644, 542 N.Y.S.2d 512, 540 N.E.2d 707 (1989).

■ Plaintiff fails to state, with any degree of specificity, the events surrounding the alleged transfer of her mother's home or the funds that Hodge allegedly converted from her mother's bank account. Significantly, other than her affidavit, Plaintiff has not introduced a single piece of documentary evidence to establish her claims of fraud and conversion with respect to her mother's property. For the same reasons, Plaintiff also fails to set forth sufficient facts to dismiss Hodge's claim of conversion in the third-party Complaint. Accordingly, because Plaintiff has not presented to this Court sufficient facts to satisfy her burden on summary judgment with respect to the conversion and fraud claims in the Complaint or the conversion claim in the third-party Complaint, Skiff's motion for summary judgment with respect to these claims must be denied.[9]

### C. Hodge's Intentional Infliction of Emotional Distress Claim

■ Hodge's claim for the intentional infliction of emotional distress is predicated on "numerous harassing telephone calls and libelous letters" made by Skiff, and Skiff's alleged demand for money in exchange for not reporting alleged Medicaid and tax fraud by Hodge. *See* Third–Party Compl. at ¶¶ 18–20.

■ Under New York law, a claim for intentional infliction of emotional distress requires a showing of: "(1) extreme and outrageous conduct; (2) intent to cause, or reckless disregard of a substantial probability of causing, severe emotion-

---

9. Because the Court does not reach the merits of these claims, and Plaintiff does not offer any proof to support her request for damages, the Court cannot decide whether Plaintiff's request for $350,000 in damages is appropriate.

al distress; (3) a causal connection between the conduct and the injury; and (4) severe emotional distress." *Stuto v. Fleishman*, 164 F.3d 820, 827 (2d Cir.1999). Whether the conduct alleged may reasonably be regarded as so extreme and outrageous as to permit recovery is a matter for the court to determine in the first instance. *See id.* A litigant can establish a cognizable claim for intentional infliction of emotional distress " 'only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society.' " *Howell v. New York Post Co.*, 81 N.Y.2d 115, 122, 596 N.Y.S.2d 350, 612 N.E.2d 699 (1993) (quoting *Murphy v. American Home Prods. Corp.*, 58 N.Y.2d 293, 303, 461 N.Y.S.2d 232, 448 N.E.2d 86 (1983) (citing RESTATEMENT (SECOND) OF TORTS, § 46 cmt. d). Because the requirements for sustaining a claim for intentional infliction of emotional distress "are rigorous, and difficult to satisfy," *Howell*, 81 N.Y.2d at 122, 596 N.Y.S.2d 350, 612 N.E.2d 699, courts have declined to recognize such a claim in cases where alleged conduct was not sufficiently outrageous. *See, e.g., Walentas v. Johnes*, 257 A.D.2d 352, 683 N.Y.S.2d 56, 58 (1st Dep't) ("Commencement of litigation, even if alleged to be for the purpose of harassment and intimidation, is insufficient to support such a claim [for intentional infliction of emotional distress].") *leave to appeal dismissed*, 93 N.Y.2d 958, 694 N.Y.S.2d 635, 716 N.E.2d 700 (1999); *Bunker v. Testa*, 234 A.D.2d 1004, 652 N.Y.S.2d 181, 182 (4th Dep't 1996) (requiring a "deliberate and malicious campaign of harassment or intimidation"); *Bell v. Slepakoff*, 224 A.D.2d 567, 639 N.Y.S.2d 406, 407 (2d Dep't 1996) (same); *Lightman v. Flaum*, 179 Misc.2d 1007, 687 N.Y.S.2d 562, 571 (Sup.Ct.1999) (noting that "mere insults, indignities, threats or annoyances are insufficient" to sustain a claim for intentional infliction of emotional distress). Because Hodge's claim fails, on its face, to present matter demonstrating that Skiff intentionally or recklessly engaged in conduct sufficient to meet the rigorous standards outlined in *Howell*, 81 N.Y.2d at 122, 596 N.Y.S.2d 350, 612 N.E.2d 699), his intentional infliction of emotional distress claim must necessarily fail.

## III. CONCLUSION:

For all of the foregoing reasons, Plaintiff's motion for summary judgment is GRANTED with respect to the intentional infliction of emotional distress claim in the third-party Complaint. Plaintiff's motion for summary judgment with respect to all other claims in the Complaint and third-party Complaint is DENIED. The Court declines to entertain Plaintiff's request for declaratory judgment with respect to the July 21, 1995 Last Will and Testament and Power of Attorney executed by Stella Hodge.

**IT IS SO ORDERED.**