■ MARY JANE BENTLEY, Individually and as Executrix of MARTHA B. DOX, Deceased, Appellant, v MYRON G. DOX, Respondent. [744 NYS2d 598] —Appeal from an order of Supreme Court, Ontario County (Harvey, J.), entered June 4, 2001, which denied plaintiff's motion for partial summary judgment.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by granting plaintiff's motion in part, granting plaintiff partial summary judgment on the second cause of action, and ordering that judgment be entered in favor of plaintiff on the second cause of action and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this action, individually and as executrix of the estate of her mother (decedent), alleging that the funds from two certificates of deposit negotiated by defendant, decedent's son, are assets of decedent's estate. Plaintiff contends that, three days before the death of decedent, defendant transferred two certificates of deposit in decedent's name to his own name pursuant to a power of attorney given to him by decedent. She further alleged that he negotiated the certificates of deposit more than one month after decedent's death and that, despite his claim that he took the funds in order to effectuate decedent's intent to make a gift of them to his daughters, that gift was not completed at the time of decedent's death. We agree with plaintiff that those funds are assets of the estate (*see Matter of Lederer*, 225 AD2d 395, 395-396, *ap-*

*peal dismissed* 88 NY2d 962, *lv denied* 89 NY2d 801) and that Supreme Court therefore erred in denying that part of her motion for partial summary judgment on the second cause of action.

Four years prior to her death, decedent executed a short form power of attorney in favor of defendant. On April 23, 2000, decedent was admitted to the hospital, and tests conducted there revealed the presence of stomach cancer. The certificates of deposit were transferred to defendant on April 28, 2000, pursuant to his power of attorney. Decedent never left the hospital, and she died on May 1, 2000. The second cause of action seeks a money judgment against defendant, with 9% interest since April 28, 2000. In support of the motion, plaintiff submitted uncertified bank records establishing the financial transactions alleged in the complaint. Defendant has not challenged the admissibility of those bank records (*see generally Friends of Animals v Associated Fur Mfrs.*, 46 NY2d 1065, 1067-1068). In opposition to the motion, defendant contended that decedent intended to make inter vivos gifts of the funds to defendant's daughters. Defendant submitted evidence supporting his contention concerning decedent's intent but submitted no evidence that the alleged gifts were delivered to the donees before the death of decedent, a required element of a valid inter vivos gift (*see Gruen v Gruen*, 68 NY2d 48, 53; *Matter of Szabo*, 10 NY2d 94, 98). Delivery must be "either by a physical delivery of the subject of the gift or a constructive or symbolic delivery such as by an instrument of gift, sufficient to divest the donor of dominion and control over the property" (*Gruen*, 68 NY2d at 56). Based on the unrefuted evidence that defendant retained control over the funds at the time of decedent's death, plaintiff met her burden of establishing that no valid delivery occurred and thus that there was no valid inter vivos gift, and defendant failed to raise an issue of fact (*see Lederer*, 225 AD2d at 395). "Without actual delivery of the funds to the alleged donees, which in the present circumstances could readily have been accomplished * * *, the alleged inter vivos gifts were never completed during the lifetime of the decedent, and thus, the funds must be returned to the estate" (*id.* at 395-396). We therefore modify the order, by granting plaintiff's motion in part, granting plaintiff partial summary judgment on the second cause of action, and ordering that judgment be entered in favor of plaintiff on the second cause of action. Present—Pigott, Jr., P.J., Hayes, Hurlbutt, Scudder and Burns, JJ.