In the Matter of Estate of JOSEPH A. SBUTTONI, Deceased. MICHAEL C. MULLLINS, Appellant; GEORGINE J. SBUTTONI, Respondent. [792 NYS2d 187]—

In a turnover proceeding pursuant to SCPA 2103, inter alia, to recover funds generated by the decedent's one-half interest in certain real property and for an accounting, Michael C. Mullins appeals from an order of the Surrogate's Court, Westchester County (Scarpino, S.), dated January 13, 2004, which denied his motion to dismiss the proceeding pursuant to CPLR 3211 (a) (2) and (5).

Ordered that the order is affirmed, with costs payable by the appellant personally.

SCPA 206 (1) unambiguously provides that "[t]he surrogate's court of any county has jurisdiction over the estate of any non-domiciliary decedent who leaves property in the state." "[F]or the Surrogate's Court to decline jurisdiction, it should be

abundantly clear that the matter in controversy in no way affects the affairs of a decedent or the administration of his [or her] estate" (*Matter of Piccione,* 57 NY2d 278, 288 [1982] [internal quotations marks omitted]). Contrary to the appellant's contentions, the Surrogate correctly concluded that subject matter jurisdiction exists over this matter involving a condominium unit located in Hartsdale, New York, and jointly owned by the petitioner's decedent, a Florida resident at the time of his death, and the appellant (*see Ahders v Ahders,* 176 AD2d 230 [1991]; *Coccellato v Coccellato,* 168 AD2d 872 [1990]).

The appellant's reliance upon *Matter of Obregon* (91 NY2d 591 [1998]) is misplaced. In that turnover proceeding brought by an ancillary administrator in New York County with respect to an estate being administered primarily in Mexico, the Court of Appeals held that the subject matter jurisdiction of the Surrogate's Court did not extend to the Cayman Islands assets of the decedent, a Texas resident and Mexican domiciliary, when the issuance of ancillary letters of administration in New York was predicated solely on a small New York bank account. The presence of the New York bank account was held to be insufficient to permit the Surrogate's Court to "rove after assets anywhere in the world" (*id.* at 599-600). Here, the salient asset, a condominium, is located in New York.

In the branch of his motion which was to dismiss the proceeding as time-barred, the appellant expressly argued that the petitioner's claims were governed by a six-year statute of limitations, and he only challenged the claim for an accounting "from the inception" of the partnership. Accordingly, insofar as the appellant advances new arguments on appeal invoking shorter periods of limitations, not only are his arguments improperly raised for the first time, but he is estopped from taking positions inconsistent with the stance he assumed before the Supreme Court (*see Kohilakis v Town of Smithtown,* 167 AD2d 513 [1990]). In any event, the proceeding was timely commenced (*see Kaufman v Cohen,* 307 AD2d 113 [2003]; *Matter of Meyer,* 303 AD2d 682 [2003]; *Goldberg v Schuman,* 289 AD2d 8 [2001]; *Matter of Rodken,* 270 AD2d 784 [2000]; *Matter of Lederer,* 225 AD2d 395 [1996]; *Dancy v Aldhous,* 279 App Div 1066 [1952]; *Matter of Seaman,* 146 Misc 2d 563 [1990]).

The appellant's remaining contentions are without merit. Cozier, J.P., S. Miller, Spolzino and Skelos, JJ., concur.