Putnam v Putnam (2026 NY Slip Op 00755)

Putnam v Putnam

2026 NY Slip Op 00755

Decided on February 11, 2026

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 11, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: BANNISTER, J.P., MONTOUR, SMITH, GREENWOOD, AND HANNAH, JJ.

1003 CA 24-01527

[*1]DARWIN S. PUTNAM, PLAINTIFF-RESPONDENT,
vPATSY D. PUTNAM, AS EXECUTOR OF THE ESTATE OF DARWIN L. PUTNAM, DECEASED, PATSY DARLENE PUTNAM, DEFENDANT-APPELLANT, AND JON PUTNAM, DEFENDANT. 

BOND, SCHOENECK & KING, PLLC, SYRACUSE (SUZANNE M. MESSER OF COUNSEL), FOR DEFENDANT-APPELLANT. 

 Appeal from an order of the Supreme Court, Herkimer County (Mark R. Rose, J.), entered July 5, 2024. The order denied in part the motion of defendants to dismiss plaintiff's second amended complaint. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting that part of defendants' motion seeking to dismiss the third cause of action to the extent it asserts a claim for fraud against defendant Patsy Darlene Putnam, and as modified the order is affirmed without costs.
Memorandum: Plaintiff commenced this action against his parents, defendants Darwin L. Putnam (decedent) and Patsy Darlene Putnam, individually (Patsy), and his brother, Jon Putnam (Jon), seeking monetary damages and title to 18 acres of the family farm (subject property). Decedent died during the pendency of this action, and Patsy in her capacity as executor of his estate was substituted for decedent as a defendant (Estate). Defendants moved to dismiss the second amended complaint, and Supreme Court denied the motion with respect to the second and third causes of action. Patsy, individually and as executor of the Estate (defendant), appeals, and we modify.
"When reviewing a defendant's motion to dismiss a complaint for failure to state a cause of action, a court must give the complaint a liberal construction, accept the allegations as true and provide plaintiff[ ] with the benefit of every favorable inference . . . Whether a plaintiff can ultimately establish its allegations is not part of the calculus in determining a motion to dismiss" (Cortlandt St. Recovery Corp. v Bonderman, 31 NY3d 30, 38 [2018] [internal quotation marks omitted]; see Leon v Martinez, 84 NY2d 83, 87-88 [1994]; Pottorff v Centra Fin. Group, Inc., 192 AD3d 1552, 1553 [4th Dept 2021]).
We reject defendant's contention that the court erred in denying the motion with respect to the second cause of action, for constructive trust, against Patsy and the Estate. A constructive trust is applied in situations where "an unfulfilled promise to convey an interest in land induces another, in the context of a confidential or fiduciary relationship, to make a transfer resulting in unjust enrichment" (McGrath v Hilding, 41 NY2d 625, 628-629 [1977]). The purpose of a constructive trust is to prevent unjust enrichment (see Simonds v Simonds, 45 NY2d 233, 242 [1978]). "Generally, there are four requirements for the imposition of a constructive trust: (1) a confidential or fiduciary relationship, (2) a promise, (3) a transfer in reliance thereon, and (4) unjust enrichment" (Aubertine v Aubertine, 240 AD3d 1360, 1361 [4th Dept 2025]; see Barker v Gervera, 236 AD3d 1318, 1325 [4th Dept 2025]; Matter of Chicola, 224 AD2d 1005, 1005-1006 [4th Dept 1996]). Courts do not rigidly apply these elements but use them as flexible guidelines (see Simonds, 45 NY2d at 241; Aubertine, 240 AD3d at 1361; Barker, 236 AD3d at 1325).
Here, plaintiff alleged in the second amended complaint that decedent, his father, promised to grant him title to the subject property so that plaintiff could build his home. Plaintiff further alleged that he had occupied the subject property for over 10 years, constructed his home, and used an adjacent building and a barn for his business. He alleged that he relied upon decedent's oral promise when he built his home and operated his business on the subject property and that defendants would be unjustly enriched in the event of a removal of plaintiff from the subject property. As defendant correctly contends, plaintiff did not allege an actual transfer of the subject property, but only the promise to do so. However, " 'courts have extended the transfer element to include instances where funds, time and effort were contributed in reliance on a promise to share in some interest in property, even though no transfer [of that property] actually occurred' " (Aubertine, 240 AD3d at 1361-1362; see Canas v Oshiro, 221 AD3d 650, 652 [2d Dept 2023]). We conclude that plaintiff's allegations were sufficient to state a cause of action for constructive trust (see generally Aubertine, 240 AD3d at 1362; Estate of Uddin v Miah, 229 AD3d 764, 766-767 [2d Dept 2024]).
We reject defendant's further contention that the court erred in denying the motion with respect to the third cause of action against Patsy insofar as it alleges undue influence. Defendant contends that there is no substantive cause of action for undue influence in New York, but we rejected a similar contention in Barker and concluded that "New York courts have invalidated deeds on the ground of undue influence . . . or have otherwise entertained the theory of undue influence to challenge a deed or contract" (236 AD3d at 1323). "To establish undue influence, a party is required to establish that an individual was actually constrained to act against [their] own free will and desire by identifying the motive, opportunity and acts allegedly constituting the influence, as well as when and where such acts occurred" (id. at 1324 [internal quotation marks omitted]; see Salitsky v D'Attanasio, 214 AD3d 567, 568 [1st Dept 2023]).
Plaintiff alleged in the second amended complaint that Patsy and Jon took advantage of decedent's failing health to have him rescind his agreement to transfer the subject property to plaintiff and instead transferred it to Patsy. We conclude that plaintiff's allegations were sufficient to state a claim for undue influence (see generally Barker, 236 AD3d at 1324).
We agree with defendant, however, that the court erred in denying the motion with respect to the third cause of action insofar as it alleges fraud against Patsy, and we therefore modify the order accordingly. "The elements of a cause of action for fraud require a material misrepresentation of a fact, knowledge of its falsity, an intent to induce reliance, justifiable reliance by the plaintiff and damages" (Eurycleia Partners, LP v Seward & Kissel, LLP, 12 NY3d 553, 559 [2009]; see Ross v Louise Wise Servs., Inc., 8 NY3d 478, 488 [2007]; Lama Holding Co. v Smith Barney, 88 NY2d 413, 421 [1996]). In a cause of action based upon fraud, "the circumstances constituting the wrong shall be stated in detail" (CPLR 3016 [b]).
Here, plaintiff does not allege what the material misrepresentation was or how plaintiff justifiably relied upon it. It appears from the heading of the third cause of action that it is asserted against Patsy and Jon for "fraud acted upon" decedent, resulting in damages to plaintiff. However, it is well settled that "under New York law, . . . third-party reliance does not satisfy the reliance element of a fraud claim" (Pasternack v Laboratory Corp. of Am. Holdings, 27 NY3d 817, 827 [2016], rearg denied 28 NY3d 956 [2016]).
Entered: February 11, 2026
Ann Dillon Flynn
Clerk of the Court